## ROGERS v. HALL.

No. 4422.   Opinion Filed June 1, 1915.

(149 Pac. 878.)

1.   **JUSTICES OF THE PEACE—Civil Actions—Pleadings—Requisites—Trial on Appeal.** The same degree of particularity, in pleadings, is not required in action before a justice of the peace that is required in courts of record, and a pleading that is sufficient in a justice's court is sufficient in the appellate court, where the case is tried de novo upon appeal.

2.   **LIMITATION OF ACTIONS—Partial Payment—Note.** In an action on a promissory note due February 7, 1904, commenced January 10, 1912, bearing an indorsement of a credit made on March 1, 1910, the defense of the statute of limitation is not good for the reason that under section 4663, Rev. Laws 1910, the payment made on the note, March 1, 1910, "raised the bar and revived the debt."

(Syllabus by Galbraith, C.)

*Error from County Court, Oklahoma County;*

*John W. Hayson, Judge.*

Action by Ollie Hall against Robert A. Rogers.   Judgment for plaintiff on appeal from a justice of the peace, and defendant brings error.   Affirmed.

*Burwell, Crockett & Johnson,* for plaintiff in error.

*Chambers & Chambers,* for defendant in error.

GALBRAITH, C.   This action was commenced before a justice of the peace to recover on a promissory note.   There was a judgment for the plaintiff, and defendant appealed to the county court.   In the county court the defendant filed an answer which

consisted of a general denial and plea of the statute of limitations, and that he was only an indorser on the note, and had received no notice of its dishonor by the maker, and was therefore discharged. A jury was waived and the trial-had to the court, and judgment rendered for the plaintiff, from which the defendant has prosecuted an appeal to this court.

It is first complained that the court erred in overruling the objection of the defendant to the introduction of evidence, at the trial in the county court, on the ground that the bill of particulars did not state facts sufficient to constitute a cause of action. While the bill of particulars cannot be regarded as a model pleading in form, still it was sufficient to comply with the requirements of a bill of particulars in the justice court, which the statute prescribed shall state "in a plain and direct manner, the facts constituting the cause of action or the claim to be set off." Section 5415, Rev. Laws 1910. The bill of particulars charged in brief "that the defendant is justly indebted to him in the sum of $166.10, for money had and received, evidenced by one certain promissory note, and interest thereon, a copy of which is hereto attached, made a part hereof, marked 'Exhibit A,'" and further alleged that the debt was long past due, and that same was unpaid, except as shown by credits given upon the exhibit, and the prayer was for judgment in the sum of the claim, interest, costs, and attorney's fees. The exhibit shows an indorsement as follows: "March 1, 1910. Received $25 as first payment on this note." The note bore date of January 7, 1907, and was due 30 days after date. The suit was filed January 10, 1912. The objection to the introduction of testimony was equivalent to a demurrer to the bill of particulars. Shultz v. Jones, 3 Okla. 504, 41 Pac. 400. This can properly be said to contain a statement, in a "plain and direct manner," of the facts constituting the cause of action, and was sufficient to comply with the requirements of the practice for pleading in justice courts. Garvin v. Harrell, 27 Okla. 375, 113 Pac. 186, 35 L. R. A. (N. S.) 862, Ann. Cas. 1912B, 744.

At the close of the plaintiff's evidence, the defendant demurred thereto on the ground that:

The evidence of the plaintiff "is insufficient to constitute any cause of action against the 'defendant, and it shows under the evidence that the statute of limitation had run at the time that the alleged payment was made, and for the further reason that there is no writing signed by the defendant sufficient to take it out of the statute."

When this demurrer was interposed, the court recalled the plaintiff, and the following proceedings occurred:

"By the Court: Did you have any other claim against Mr. Rogers at the time this $25 was paid on this note? A. No, sir; that is all. The demurrer is overruled and exception allowed to the defendant. The defendant rests."

The court then rendered judgment in favor of the plaintiff. The plaintiff testified that on the date of the note he loaned the plaintiff in error $100, and that the plaintiff in error prepared the note and gave it to him; that the plaintiff in error made payment on the note of $25 on March 1, 1910. The defendant offered no testimony.

The evidence of the plaintiff clearly brings this cause within the terms of section 4663, Rev. Laws 1910, which provides:

"In any case founded on contract, when any part of the principal or interest shall have been paid, * * * an action may be brought in such case within the period prescribed for the same, after such payment. * * *"

Under this statute the payment of $25 on March 1, 1910, "raised the bar and revived the debt," and on account of such "payment" of a part of the debt evidenced by the note the action was not barred on January 10, 1912, when the proceeding was commenced in the justice court. Clark et al. v. Grant, 26 Okla. 398, 109 Pac. 234, 38 L. R. A. (N. S.) 519, Ann. Cas. 1912B,

505. See, also, *Leston v. Kenyon,* 31 Kan. 301, 1 Pac. 562, where it was held by the Supreme Court of Kansas, construing this section of the Code, prior to its adoption by the Legislature of the territory of Oklahoma, that the payment made on a note by the assignee of the maker who made a voluntary assignment for the benefit of all of his creditors after the execution of the note was "a payment. of a part of the debt," within the terms of this section sufficient to toll the statute of limitations.

It is not material whether "the payment" prescribed in the statute is made before the debt is barred or afterwards, since the statute provides that the payment of any part of the debt or interest revives the debt, and an action may be maintained thereon at any time within the statutory period after such payment.

We recommend that the exceptions be overruled and the judgment appealed from affirmed.

By the Court: It is so ordered.