## BERQUIST v. THOMAS.

No. 10345—Opinion Filed June 13, 1922.

(Syllabus.)

1. Brokers—Action for Commission for Sale of Real Estate—Evidence.

In an action by a real estate broker to recover commission for making a sale which has not been completed, where the broker procures a written contract signed by the purchaser and approved by the seller, it was not error to introduce in evidence a subsequent contract between the purchaser and seller which changed or modified the terms of the original contract in regard to the payments only and what was done by the parties under and by virtue of said latter contract.

2. Contracts—Construction of Two Writings as a Whole.

The general rule is that two written agreements, one being supplementary to the other, should be construed together as constituting one contract. This is true although not dated at the same time, yet they refer to the same subject-matter, and on their face show that each was executed as a means of carrying out the intent of the other.

3. Brokers—Sale of Real Estate—Procuring Purchaser—Right to Commission.

Where a real estate broker procured a purchaser for the land listed with him that was ready, willing, and able to buy, upon the terms imposed by the seller, and secured the signature of said purchaser to an enforceable written contract of sale, and the seller refused to make the sale, the broker has earned his commission.

4. Appeal and Error—Review—Conflicting Evidence—Verdict.

Where the evidence is conflicting, but there is sufficient evidence upon which the jury could reasonably predicate the verdict, and the instructions given by the court are free from error, this court will not reverse the judgment on appeal.

Error from District Court, Oklahoma County; John W. Hayson, Judge.

Action by Ross E. Thomas against Sarah E. Berquist for broker's commission. Judgment for plaintiff, and defendant brings error. Affirmed.

W. L. Eagleton, for plaintiff in error.

Wilson, Tomerlin & Threlkeld, for defendant in error.

McNEILL, J. This action was commenced in the district court of Oklahoma county by defendant in error against the plaintiff in error to recover the sum of $500 for commission for procuring a purchaser for certain real estate.

The petition alleged E. T. Bynum was the duly authorized agent of defendant, and pursuant to her instructions listed the property, being a farm, with plaintiff for sale at $8,500 cash net. That plaintiff procured Charles O. Rhoades, who agreed to purchase the land from the defendant for the sum of $9,000 cash. That defendant entered into a written contract with Rhoades for the sale of said land for $9,000.

The defendant answered, denying that she was the owner of the land, but admitted that she had an interest in the same. She denied that plaintiff was her agent and denied that E. T. Bynum had any authority to employ an agent to sell the land.

The case was tried to the jury, and a verdict returned in favor of the plaintiff and against the defendant. Judgment was rendered on the verdict, and from said judgment the defendant has appealed.

The defendant, for reversal, first contends that the court erred in permitting the plaintiff to introduce certain testimony which was objected to at the time by the defendant. A written contract was entered into on the 16th day of October, 1917, by E. T. Bynum, as agent of Mrs. Berquist and Charles O. Rhoades, for the sale of this land for the sum of $9,000, to be paid as follows: $1,000 placed in escrow in the American National Bank of Oklahoma City, together with the contract, and $8,000 to be paid the 1st of January, 1918. This contract disclosed that Mrs. Berquist placed her written approval on the same. Mrs. Berquist resided in Nebraska, and came to Oklahoma City about the 1st of January, or a little before, to complete the transaction. The parties had several meetings regarding the sale of the land, and on the 18th day of January, 1918, another written contract was entered into. This contract provided that the purchaser would pay $6,000 cash and $3,000 within five years. It also provided that the carrying of this deferred payment was to be subject to the approval of George Berquist, the son of the defendant. The parties telegraphed to George Berquist, and he refused to consent to the deferred payment. The plaintiff contends that they were to meet the next Monday at the office of Dr. Bynum and complete the transaction. The plaintiff contends that Rhoades had made arrangements to pay the full $9,000 and was present to do so, but that the defendant left for Nebraska and refused to complete the transaction.

Plaintiff in error contends it was error to permit any evidence regarding the introduction of the second contract and what the parties did in carrying out its terms. We think there was no error in admitting this evidence. The second contract, according to the evidence, although the evidence is conflicting, was a part and parcel of the same transaction, and so disclosed, and while not executed at the same time, it was for the purpose of carrying into effect the sale of the land. This court, in the case of Brake v. Blain, 49 Okla. 486, 153 Pac. 158, stated as follows:

"Although not executed at the same time, where two written instruments refer to the same subject-matter and on their face show that each was executed as a means of carrying out the intent of the other, both should be construed as one contract."

In the case of Kelly v. Baughman, 66 Okla. 200, 167 Pac. 80, the court stated:

"The two agreements in writing presented here constitute one contract, being supplementary one to the other, and should be construed together. This is true although not dated at the same time, yet they refer to the same subject-matter, and on their face show that each was executed as a means of carrying out the intent of the other."

We think there was no prejudicial error in the introduction of this evidence.

It is next contended that the defendant in error was not entitled to recover for the reason the contract entered into in January, 1918, was not an enforceable contract for the reason the contract was not definite and certain regarding the executing of a note and mortgage of $3,000. We do not think this contention is well taken. When the two contracts are taken together, and are construed as one contract, and the evidence introduced regarding that portion of the latter contract that is indefinite and uncertain, there was an enforceable contract. The rule appears to be well settled in this jurisdiction that, where a real estate broker is employed to procure a purchaser for property and seeks to recover commission for making a sale which has not been completed, it is necessary for him to prove that he had a purchaser who was ready, willing and able to purchase, and when he procures a contract from the purchaser to buy which is enforceable against him, and executed by

the seller, he has earned his commission. See Gilliland v. Jaynes, 36 Okla. 563, 129 Pac. 8; Childs v. Moore, 57 Okla. 638, 157 Pac. 333; McCartney v. Shores, 77 Okla. 273, 188 Pac. 663; Pliler v. Thompson, 84 Okla. 200, 202 Pac. 1016.

The other assignments of error of plaintiff in error are subdivided as follows:

(1) Where the property is listed at a net price by the owner, the broker cannot collect the commission unless the sale is consummated.

(2) A real estate agent who takes property for sale with knowledge that the party contracting has a defective title, and the trade fails for that reason, cannot recover his commission.

(3) The contract provided for a cash consideration to be paid in cash, and the purchaser produced/ being unable) to pay said purchase price in cash, plaintiff is not entitled to his commission.

The evidence in this case is conflicting upon all these questions, and why the sale was not consummated; it being contended by defendant in error that the plaintiff in error left the state of Oklahoma, and refused to consummate the deal, and the defect of title was not the cause of the failure to consummate the deal. There was evidence that the purchaser was able to pay the full price in cash. The court instructed the jury regarding all these questions. Neither party excepted to any of the instructions given, nor requested any additional instructions, and there is evidence in the record to support the judgment and the finding of the jury.

This court in a long line of decisions has announced the rule that where the evidence is conflicting, but there was sufficient evidence upon which the jury could reasonably predicate the verdict, and the instructions given were free from error, this court will not reverse the judgment.

There being sufficient evidence in the record to sustain the finding of the jury, and no exceptions having been taken to the instructions, the judgment of the court will be affirmed.

JOHNSON, MILLER. ELTING, KENNAMER, and NICHOLSON, JJ., concur.