## MELTON v. PERKINS.

No. 14357—Opinion Filed Nov. 13, 1923.

Rehearing Denied Dec. 26, 1923.

**1. Appeal and Error — Questions of Fact — Verdict.**

Where the evidence is conflicting, but there is sufficient evidence upon which the jury could reasonably predicate the verdict, and the instructions given by the court are free from prejudicial error, the Supreme Court will not reverse the judgment on appeal.

**2. Same — Affirmance.**

Evidence examined, and held, the verdict is reasonably sustained thereby.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Texas County; Arthur G. Sutton, Judge.

Action by Ivan S. Perkins against D. W. Melton to recover commissions on a real estate sale. Judgment for plaintiff, and defendant appeals. Affirmed.

Hayson & Lukenbill and Roscoe Rizley, for plaintiff in error.

F. Hiner Dale and Holmes, Yankey, Holmes & Eaton, for defendant in error.

Opinion by RUTH, C. This action was filed in the district court of Texas county by Ivan S. Perkins, defendant in error, against Dr. M. W. Melton, plaintiff in error, wherein it was sought to recover one-half of the commissions obtained by Melton on a real estate sale, and for convenience the parties hereto will be designated as they appeared in the court below.

Plaintiff alleged that he had been a real estate dealer in Guymon, Okla., for 16 years; that defendant came from Kansas and settled in Texas county and defendant advised plaintiff that he, the defendant, was going to bring parties from Kansas and induce them to buy land in Oklahoma, and if plaintiff would allow defendant to use plaintiff's real estate office, and plaintiff would use his knowledge and best efforts to effect sales to such persons, that defendant and plaintiff would split the commissions. A reply consisting of a general denial was filed and the cause tried to a jury and a verdict returned in favor of the plaintiff, from which the defendant appeals. Evidence was introduced showing plaintiff and defendant had, prior to the last transaction upon which this action is founded, participated in a sale of land to one Knap, and plaintiff, Perkins, had paid Dr. Melton one-half of the commission obtained. It further appears that land in Guymon county was sold to one Bennett for the sum of $18,000, and that defendant made a profit thereon of $3,000, and plaintiff sues for $1,500. Defendant attempts to prove that plaintiff had nothing to do with the sale, except that plaintiff and his wife drove defendant and the purchaser from Guymon to Goodwell, where the party had breakfast, and then drove them to the land, and as a result the deal was eventually closed. The defendant claims it was his (defendant's) land sold to the customer (Bennett), and so there were no commissions, but the evidence discloses that one Johnson owned the land, and on September 16, 1920, defendant Melton agreed to purchase the land from Johnson for $15,-000, and on the same day and date (September 16, 1920), defendant Melton entered into a contract with Bennett, the customer, whereby Bennett bound himself to purchase the land for $18,000, or an increase of $3,000

over what defendant Melton agreed on the same date to pay Johnson for the same land. The cause was submitted to the jury, and they returned their verdict for the plaintiff in the sum of $700. After careful examination of all the evidence we cannot say there was no evidence reasonably tending to support the verdict.

"Where evidence is conflicting, but there is sufficient evidence upon which the jury could reasonably predicate a verdict, and the instructions given by the court are free from error, the Supreme Court will not reverse the judgment." Berquist v. Thomas, 86 Okla. 214, 207 Pac. 964; Snouffer v. First Natl. Bank of Bedford, 86 Okla. 190, 207 Pac. 452; Okla., K. & M. Ry. Co. v. Hurst, 86 Okla. 177, 207 Pac. 795.

Defendant insists that the jury was not properly instructed and excepts to Nos. 4 and 5, and takes exception to the following portion of instruction No. 4:

"If you believe from the evidence, facts and circumstances that the contract was made by and between this plaintiff and defendant as claimed by the said plaintiff, and set out in instruction number 1," etc.

Defendant insists the omission of the words "a preponderance of" between the word "from" and the word "the" is reversible error, but we cannot concede the point. The court definitely instructs the jury in instruction No. 2 that the plaintiff must prove all the material allegations of his petition by "a preponderance of" the evidence, and further instructs the jury as follows:

"You are not at liberty to select any one or more of them (the instructions) less than the whole number, and disregard the others, but must consider each instruction as a necessary part of the entire charge"

—and the defendant's specification of error in this behalf is without merit.

Defendant further assigns as error the giving of instruction No. 5, as follows:

"You are the sole judges of the credibility of the witnesses and the weight to be given to the testimony of each. If the testimony of a witness is apparently candid and fair, reasonable within itself and he has been in no way impeached, you should not arbitrarily discard his testimony. If you cannot reconcile the testimony, then for the purpose of ascertaining what testimony is worthy of credit, you may take into consideration the intelligence and apparent candor and fairness of the witness, the reasonableness or unreasonableness of his story; whether or not the witness has been in any way impeached, the means and opportunities of the witness of knowing the things concerning which he testifies, the interest of the witness in the case, if any, whether or not the witness has made contradictory

statements and all the circumstances surrounding the case."

Counsel insists that jurors do not know what the word "impeached" means, and while we cannot commend the phraseology of the instruction to the judges of trial courts generally, as it is not as aptly or happily phrased as might be, nevertheless, viewing it in the light of all the evidence and instructions in this case, we do not believe reasonable men would be misled thereby, or that prejudicial error was committed by its use.

Courts have held:

"To impeach the testimony of a witness, or to impeach a judgment, means to show it is erroneous." Pratt v. McCoy (Ala.) 52 South. 151; Chicago City Ry. Co. v. Ryan (Ill.) 80 N. E. 166.

Therefore, the jury having passed upon the facts and no prejudicial error being apparent in the instructions complained of, the verdict and judgment of the trial court should be affirmed.

By the Court: It is so ordered.