## AMSDEN LBR. CO. v. WILKINSON.

No. 14185—Opinion Filed Dec. 18, 1923.

(Syllabus.)

1. **Bills and Notes—Action on Note Given for Material—Defense of Fraud—Evidence Impeaching Account.**

In an action to foreclose a materialman's lien, where the amount of the indebtedness is represented by the note of the defendant, executed and delivered to the plaintiff by the defendant after the parties had agreed upon the amount still due, but the defendant alleges in her answer that said note was obtained by fraud and misrepresentation, held, defendant's evidence tending to impeach the account was properly admitted by the trial court.

2. **Pleading—Sufficiency of Answer—Mode of Objection.**

The proper practice to challenge the sufficiency of an answer is by motion to make more definite and certain or by demurrer; and where it is challenged solely by objection to the introduction of evidence there-

under, such objection, not being favored by the courts, should generally be overruled, unless there is a total failure to allege some matters essential to the relief sought and should seldom, if ever, be sustained when the allegations are simply incomplete, indefinite, or are conclusions of law.

**3. Appeal and Error—Questions of Fact—Verdict—Conclusiveness.**

Where, in an action at law, the evidence is conflicting, this court will not review the evidence to ascertain where the weight of evidence lies; but if there is evidence reasonably tending to support the verdict, it will not be set aside.

**4. Same—Sufficiency of Evidence.**

Record examined, and held, the evidence reasonably supports the verdict of the jury.

Error from District Court, Woods County; Arthur G. Sutton, Judge.

Action by the Amsden Lumber Company, a corporation, against Rosa L. Wilkinson. From a judgment for plaintiff, for a portion only of the amount sued for, plaintiff brings error. Affirmed.

W. L. Houts and Amidon, Buckland, Hart & Porter, for plaintiff in error.

C. H. Mauntel, for defendant in error.

MASON, J. This action was commenced in the district court of Woods county by the plaintiff in error, hereinafter called the plaintiff, against the defendant in error, hereinafter called the defendant, to foreclose a materialman's lien on certain lots in Alva, Okla., for material furnished said defendant by plaintiff and used in the erection of a dwelling house on said property. The lien statement, which was filed in due time, alleged that said material was furnished under an oral contract, and that there was an unpaid balance of $720.05, of which $700 was evidenced by a promissory note of the defendant, said note being executed and delivered after the plaintiff and defendant had agreed on that amount as still being due and unpaid. Plaintiff also contended that thereafter defendant purchased other material on an open account amounting to $20.05. The defendant admitted the execution and delivery of said note, but alleged that the same was secured by fraud, misrepresentation, and threats, and further alleged that the entire debt, including the $20.05, on an open account, had been paid in cash or by material returned, and that the plaintiff had been overpaid thereby in the sum of $461.95, for which the defendant prayed judgment.

Upon the issues thus joined, the case was tried to a jury, and from the verdict in favor of the plaintiff for $298.41, and from the order denying plaintiff's motion for new trial, the plaintiff has perfected this appeal.

It is first contended that the trial court erred in permitting the defendant to introduce evidence to impeach and reopen the account, which plaintiff contends had been merged in said note and thus became an "account stated." Counsel for plaintiff cite Cross v. Sacramento Savings Bank et al., 66 Cal. 462, 6 Pac. 94, and several other cases which announce the following rule:

"In an action on an account stated, in the absence of an averment of fraud or mistake, evidence tending to impeach the account is inadmissible."

This rule, however, is not applicable to the case at bar, as the answer of the defendant alleges that said note was secured by fraud, misrepresentation, and threats. It may be conceded that the amended answer does not state in a full and concise manner all the elements that constituted the fraud and misrepresentations alleged to have been practiced by the plaintiff upon the defendant, yet the plaintiff filed neither a motion to make the answer more definite and certain nor a demurrer thereto; and it cannot challenge its sufficiency by an objection to the introduction of evidence thereunder. This court in the case of Hines, Director General of Railroads, et al. v. Pershin, 89 Okla. 297, 215 Pac. 599, and in several other cases, held as folows:

"The proper practice to challenge the sufficiency of a petition is by demurrer; and, where the sufficiency of a petition is challenged solely by an objection to the introduction of evidence thereunder, such objection, not being favored by the courts, should generally be overruled, unless there is a total failure to allege some matters essential to the relief sought, and should seldom, if ever, be sustained when the allegations are simply incomplete, indefinite, or conclusions of law."

We must concude, therefore, that said evidence was admissible under the issues as joined by the peadings.

Counsel for plaintiff in error next contend that the judgment is not supported by the evidence, and that the assessment of the amount of recovery was too small. The evidence was very conflicting as to the amounts of the different payments and how and where made, and also as to the amount of material returned to the plaintiff and the value thereof for which she was to receive credit.

After hearing all of the evidence in the case, the jury were evidently of the opinion that the note sued on had been obtained from the defendant by misrepresentation on the part of the plaintiff, and that the defend-

ant had not been given credit for all payments or for all material returned, and after deducting the credits that it found the defendant was entitled to, but did not receive, returned its verdict for the plaintiff for the sum of $298.41, and inasmuch as there is evidence reasonably tending to support said verdict, it will not be disturbed. Burr v. Gordon, 68 Okla. 254, 173 Pac. 527; Moses et al. v. George, 80 Okla. 120, 196 Pac. 550; Wallingford v. Alcorn, 75 Okla. 295, 183 Pac. 726; Southwestern Surety Company v. Marlow, 78 Okla. 313, 190 Pac. 672.

The judgment of the trial court is therefore affirmed.

JOHNSON, C. J., McNEILL, V. C. J., and NICHOLSON and COCHRAN, JJ., concur.