Note.—See under (1) 28 Cyc. p. 1487; anno. 7 L. R. A. (N. S.) 933; 13 L. R. A. (N. S.) 1105; 1246; 20 L. R. A. (N. S.) 201, 656; 45 L. R. A. (N. S.) 75; 13 A. L. R. 17; 27 A. L. R. 1104; 13 R. C. L. p. 408; 3 R. C. L. Supp. p. 52; 4 R. C. L. Supp. p. 814. (2) 28 Cyc. p. 1388; anno. 32 A. L. R. 1309; 13 R. C. L. p. 340; 3 R. C. L. Supp. p. 45. (3) 28 Cyc. pp. 1373, 1375. (4) 28 Cyc. pp. 1353, 1358, (5) 28 Cyc. pp. 1388, 1507; 13 R. C. L. p. 519.; 5 R. C. L. Supp. p. 704. (6) 38 Cyc. p. 1711; 2 R. C. L. p. 261; 1 R. C. L. Supp. p. 485; 4 R. C. L. Supp. p. 100.

---

**MARSHIK v. FARMERS UNION CO-OPER- ATIVE EXCHANGE.**

No. 16826—Opinion Filed Oct. 26. 1926.

Withdrawn, Corrected, Refiled and Rehearing Denied Jan. 11, 1927.

**1. Appeal and Error—Review—Necessity for Presenting Questions Below.**

In order to properly present a question to the Supreme Court for review, the record must affirmatively show that the alleged error complained of was presented to the trial court, and either ignored or decided adversely to the complaining party; and unless it is thus presented to the trial court, and an opportunnity there given to pass upon it. the same will not be considered by this court on appeal.

**2. Appeal and Error—Questions of fact— Conclusiveness of Verdict.**

Where there is any competent evidence reasonably tending to sustain a verdict, though the evidence be conflicting, and the cause is submitted to the jury upon instructions fairly stating the applicable law, the Supreme Court will not review the evidence for the purpose of determining the weight thereof, and substitute this court's judgment for the judgment rendered on the verdict, and the verdict will not be disturbed on appeal.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 5

Error from District Court, Blaine County: E. L. Mitchell, Judge.

Action by the Farmers Union Co-Operative Exchange against F. W. Marshik to recover on open account. Judgment for plaintiff, and defendant appeals. Affirmed.

I. H. Lookabaugh. for plaintiff in error.

F. M. Cooper, for defendant in error.

Opinion by RUTH, C. The Farmers Union Co-Operative Exchange filed its bill of particulars in the justice of the peace court for Blaine county, and prayed judgment against the defendant upon two causes of action: First. Upon a promissory note.

Judgment was rendered for the defendant upon this cause of action, and the judgment not being appealed, the only question before this court is such as is raised by the second cause of action, in which the plaintiff prays judgment in the sum of $76.43 on open account.

Defendant's answer is tantamount, first, to a general denial; and second, that he has overpaid the plaintiff. and claims a set-off and prays judgment against the plaintiff in the sum of $32.70.

The cause was tried to a jury and verdict returned for plaintiff for $76.43 and interest. Judgment was rendered on the verdict, and defendant appeals.

Defendant presents some six assignments of error, and argues them under one head, and first contends that as the bill of particulars was not verified, and his answer claiming a set-off was verified. and plaintiff's reply was not verified, defendant is entitled to judgment.

Defendant simply pleads in his answer that he has overpaid plaintiff in the sum of $32.70 and prays judgment for this amount. He attaches no itemized statement, nor does he set forth any of the transactions, nor state how the sum was paid or when or where or how.

Defendant cites sections 4759, 4762, 4779, R. L. 1910, (Section 287, 290 and 307, C. O. S. 1921, but these sections are not applicable to pleadings in an action commenced in a justice of the peace court. No answer is necessary to be filed in the justice of the peace court, but the defendant may, without filing pleadings, set up any defense he may have to plaintiff's claim. (Western Union Tel. Co. v. Hollis, 28 Okla. 613, 115 Pac. 774), unless he claims a set-off, and though he claim a set-off, and verify the same, the plaintiff is not required to file a reply (Johnson v. Johnson, 43 Okla. 382, 143 Pac. 670), but may set up any defense he may have to defendant's claim of set-off; and a pleading that is sufficient in a justice of the peace court is sufficient in the appellate court where the case is tried de novo upon appeal. Garvin v. Harrell, 27 Okla. 373, 113 Pac. 186; Rogers v. Hall, 46 Okla. 773, 149 Pac. 878; Sulzberger & Sons v. Hoover, 46 Okla. 792, 149 Pac. 887; Robberson v. Gibson, 62 Okla. 309, 162 Pac. 1122.

"Pleadings in a justice of the peace court must be liberally construed." Sulzberger & Sons v. Hoover, supra; Johnson v. Johnson, supra; Garvin v. Harrell, supra; Whitcomb v. Oller, 41 Okla. 331, 137 Pac. 709.

Even though a verified reply had been necessary in the justice of the peace court, the question was never raised in the trial court, and not having been there raised, defendant cannot raise the question for the first time in this court. Tirey v. Darneal, 37 Okla. 611, 132 Pac. 1087. Wichita Falls & N. W. Ry. Co. v. Puckett, 53 Okla. 465, 157 Pac. 112; Thompson v. Hashbarger et al., 87 Okla. 267, 210 Pac. 922; Gibson v. Rappolee, 86 Okla. 100, 206 Pac. 825.

Defendant next assigns as error the introduction of certain evidence to sustain the plaintiff's action, and it must be confessed that the cause was tried in a very irregular, haphazard manner: but after a review of the evidence, we are of opinion that there was sufficient competent evidence, apart from the evidence excepted to, to sustain the verdict, and in fact, in view of all the evidence, we cannot say any prejudicial error was committed in its admission, and there being competent evidence in support of the allegations of the plaintiff's bill of particulars, it was not error in the court to overrule defendant's demurrer to plaintiff's evidence.

The account sued on comprised items purchased from the plaintiff's store and, naturally, in the regular course of business, the items were sold to defendant, if sold at all, by different clerks and the purchase slips made out by such clerks, and all the items appeared on the ledger kept by plaintiff and in which company store the defendant was a stockholder, and from which he had received dividend checks, but after winnowing all the wheat from the chaff, there was sufficient evidence to sustain the verdict, and where there is any competent evidence reasonably tending to sustain the verdict, though the evidence be conflicting, and the cause is submitted to the jury upon instructions fairly stating the applicable law, this court will not review the evidence for the purpose of determining the weight thereof, and substitute its judgment for the judgment rendered on the verdict, and the verdict will not be reversed on appeal. Berquist v. Thomas, 86 Okla. 214, 207 Pac. 964; Grant v. Milam, 20 Okla. 672, 95 Pac. 424; Kidwell v. Nelson, 31 Okla. 228, 120 Pac. 966; Melton v. Perkins, 94 Okla. 236, 221 Pac. 70; Amsden Lumber Co. v. Wilkinson, 96 Okla. 243, 221 Pac. 513.

Defendant complains that the court erred in admitting in evidence the ledger sheet from plaintiff's books wherein it was shown, appended to the account, that judgment had been rendered in favor o. plaintiff in the trial before the justice of the peace.

On appeals from judgment rendered in justice of the peace courts, the appellate courts should exercise great care to keep from a jury the result of the trial in the justice court, as the case is tried de novo in such appellate court, and the admission of the result of the trial in the lower court may have a tendency to influence the verdict of the jury, but after a consideration of the whole record, we do not feel any other verdict could have been arrived at than was returned by the jury, and we cannot find where the rights of the defendant were prejudiced.

The judgment of the trial court is therefore affirmed.

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. p. 689, §580; 4 C. J. p. 64, §1651; 2 R. C. L. p. 69; 1 R. C. L. Supp. p. 381; 4 R. C. L. Supp. p. 78; 5 R. C. L. Supp. p. 78. (2) 4 C. J. p. 859, §2836; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79.