### McGRATH, Trustee, v. CAMPBELL et al.

No. 18028—Opinion Filed April 19, 1927.

Rehearing Denied May 10, 1927.

(Syllabus.)

#### Appeal and Error—Review—Necessity for Presenting Error to Trial Court.

In order to properly present a question to the Supreme Court for review, the record must affirmatively show that the alleged error complained of was presented to the trial court, and either ignored or decided adversely to the complaining party; and, unless it is thus presented to the trial court and an opportunity there given to pass upon it, the same will not be considered by this court on appeal.

Error from District Court, Tulsa County; A. C. Brewster, Assigned Judge.

Action between McGrath, trustee for Bessie McGrath, and J. O. Campbell et al. From the judgment, the former appeals. Dismissed.

M. McGrath, for plaintiff in error.

Yancey & Fist, Shipman & Lewis, and F. O. Cavitt, for defendants in error.

PER CURIAM. From the judgment of the trial court in favor of the defendants in error, the plaintiff in error appeals to this court. There is but one alleged error assigned in the petition in error as a cause for reversal, as follows, to wit:

"Said court erred in not rendering judgment for the plaintiff in error on pleadings."

The only reference to motions for judgment on the pleadings pointed out by plaintiff in error in his brief is as follows:

"* * * The plaintiff, J. O. Campbell, and the defendants, Southwestern Mortgage Company, a corporation, and Home Savings & Loan Association, a corporation, each moves for judgment on the pleadings, as against the defendants M. McGrath, Bessie McGrath, and M. McGrath, trustee for Bessie McGrath. Whereupon M. McGrath asks leave to amend his answer and cross-petition, which leave is granted, and amendment is made. Thereupon the motions for judgment on the pleadings are withdrawn. * * *"

In this we fail to find any request upon the part of the plaintiff in error for judgment on pleadings and are unable to understand how the plaintiff in error may predicate prejudicial error upon this record.

"In order to properly present a question to the Supreme Court for review, the record must affirmatively show that the alleged error complained of was presented to the trial court, and either ignored or decided adversely to the complaining party; and, unless it is thus presented to the trial court and an opportunity there given to pass upon it, the same will not be considered by this court on appeal." Marshik v. Farmers' Union Co-Operative Exchange, 123 Okla. 76, 250 Pac. 136.

We have examined the transcript of the record filed in this court, and failed to find where plaintiff in error presents to the trial court any motion or request for judgment on the pleadings.

The alleged error not having been presented to the trial court. and no opportunity having been given it to pass upon the same, there is nothing before this court for review, and upon motion of defendant in error the appeal in this cause is dismissed.

Note.—See 3 C. J. p. 689, §580; 4 C. J. pp. 64, 65, §1651; 2 R. C. L. p. 131; 1 R. C. L. Supp. p. 405; 4 R. C. L. Supp. p. 83; 5 R. C. L. Supp. 72.