## MEISINGER v. EMPLOYEES BLDG. & LOAN ASS'N.

No. 19642.    Opinion Filed Dec. 16, 1930.

H. A. Johnson, for plaintiff in error.

John Adams, for defendant in error.

HEFNER, J. The Employees Building & Loan Association, the defendant in error, as plaintiff, brought this suit against Carrie A. Meisinger, plaintiff in error, as defendant, to foreclose a mortgage on certain lands in Perry, Okla. Judgment was rendered for the amount due on the mortgage, and there is no complaint as to the judgment.

The appellant, or defendant, says the case should be reversed because of five errors occurring in the appraisement and sale of the land. It is urged that the sheriff after the appraisement of the real estate failed to file a copy of the appraisement immediately with the clerk of the court as required by section 705, C. O. S. 1921. The section is as follows:

"The officer receiving such return shall forthwith deposit a copy thereof with the clerk of the court from which the writ issued, and advertise and sell such property, agreeable to the provisions of this article."

The purpose of this statute in requiring the sheriff to file a copy of the appraisement immediately with the clerk is to let the public know the amount of the appraisement. This purpose was well met, because the notice of sale gave the exact appraisement of each of the properties, so that no one was misled as to the amount of the appraisement. The provisions of section 705 are directory, and the trial court had the discretion to set aside the sale if an injustice had been done.

It also had the discretion, if the purposes of the statute had been met by giving the appraiser's appraisement in the notice of sale, to approve the sale, which it did, and in doing so it committed no reversible error.

It is urged that the time and place of sale were not stated in the notice of sale. The notice, among other things, states:

"That on the 18th day of February, 1928, at the hour of 11 o'clock a. m., of said day, at the east front door of the courthouse in said county of Noble, I shall offer for sale and sell at public auction to the highest and best bidder, for cash, the real estate mentioned in said order of sale, and described as follows, to wit: lot 16 in block 19, North and West Perry, appraised at the sum of $3,600; and lot 3 in block 52 in North and West Perry, appraised at the sum of $2,500 all in said county of Noble."

Section 713, C. O. S. 1921, provides for the place where the sale shall be had, and it is as follows:

"All sales of lands or tenements under execution shall be held at the courthouse in the county in which such lands or tenements are situated."

The notice recites that the sale shall be at the east front door of the courthouse in the county of Noble. It is contended that the notice should have recited the town in which the courthouse was located, inasmuch as section 3320, C. O. S. 1921, provides for the holding of a county court in the town of Billings. The section is as follows:

"The town of Billings shall be an additional place for the holding of county court in Noble county; provided, that all necessary offices and courtrooms shall be furnished by said town of Billings for the use of said court when sitting at said town."

This is a foreclosure proceeding in the district court of Noble county, foreclosing a mortgage on real estate in Perry. The district court sits only in the courthouse at Perry. It is true that a county court may hold its sessions in the town of Billings. No one, however, understands the building in which the county court holds its sessions in Billings as being a courthouse in the true sense of the word. No complaint was made that anyone was misled by the notice, and we do not think anyone could have been misled by the notice. The sale was actually had at the east door of the courthouse in Perry and at the place where the people of the county understand the courthouse to be.

It is contended that the return of sale shows on its face that the lots were separate parcels of land and that they were sold together as one lot in violation of law.

The return of sale in part is as follows:

"And at the time and place advertised for said sale, to wit, on the 18th day of February, 1929, at the hour of 11 o'clock, in the forenoon of said day, at the east front door of the courthouse in said county of Noble, I attended and then and there offered said real estate in separate tracts or lots, for sale at public auction to the highest and best bidder for cash, and received no bid.

"I then offered all of said real estate for sale together and sold the same to the Employees Building & Loan Association, plaintiff, lot 16-Bl. 19 N. & W. Perry for $3,500, and lot 3 in block 52, North & West Perry for two thousand dollars ($2,000.00) and for a total sum for both of $5,500.00 cash subject to confirmation by said court, it being the highest and best bidder therefor, and such sale being for more than two-thirds the appraised value thereof as returned in the inquest of said three householders."

This return clearly shows that one lot was sold for $3,500 and the other lot was sold for $2,000. The court committed no error in refusing to set aside the sale on this ground.

It is urged that the sale was made to satisfy illegal costs charged against the defendant and that the execution did not conform to the judgment. A reading of the record will disclose that no evidence was offered in connection with this assignment. It is evident that since the rendition of the judgment at least two orders of sale had been issued thereon, which necessarily accumulated more costs. The clerk should have separately stated in the order of sale the costs which had accrued in the original action and the costs which had accrued thereafter. This is not a sufficient ground upon which to justify the court in setting the sale aside, but proper practice would have been not to move for a vacation of the writ, but to move to set aside the extent of the excess of the costs, if in fact was an excess of cost. It did not vitiate the writ. If there was an excess, it should have been set aside, and that may yet be done.

Under the fifth assignment of error complaint is made that the sheriff's return shows that the appraisers were of Logan county instead of Noble county. The record discloses that this matter was not called to the attention of the court in the motion to vacate the sale. It seems to be raised for the first time here. Had it been called to the trial court's attention a motion to amend the sheriff's return could have been made. In the certificate of appointment the sheriff appointed F. H. Yeager, J. E. Hunt, and M. D. Springfield as the appraisers, and the certificate runs in the name of the state of Okla-

homa and the county of Noble. The report of the appraisers shows that they went upon the real estate and appraised it. The appraisers in their oath swore that they were resident householders of the county of Noble, state of Oklahoma, etc. The only complaint is that on the blank form used in the sheriff's return at the top thereof it recited, "Sheriff's Office, County of Logan, State of Oklahoma." It is signed by W. A. Ricker, sheriff. The record discloses that Ricker was the sheriff of Noble county. This is an error that could have been easily corrected had it been called to the court's attention.

It is well settled in this jurisdiction that in order to properly present a question to this court for review the record must affirmatively show that the alleged error complained of was presented to the trial court and was either ignored or decided adversely to the complaining party; and unless it is thus presented to the trial court and an opportunity there given to pass upon it, the same will not be considered by this court. Marshik v. Farmers' Union Co-Op. Exch., 123 Okla. 76, 250 Pac. 136; McGrath v. Campbell, 124 Okla. 286, 256 Pac. 28.

It not having been affirmatively shown that the trial court committed reversible error in confirming the sale, its judgment should be, and is, affirmed.

LESTER, V. C. J., and RILEY, CULLISON, SWINDALL, and ANDREWS, JJ., concur. MASON, C. J., and HUNT and CLARK, JJ., absent.