## DAVIS v. STATE.

No. 24170.   Jan. 22, 1935.

Rehearing Denied Feb. 26, 1935.

I. H. Lookabaugh, for plaintiff in error.

Ted R. Fisher, Co. Atty., for defendant in error.

PER CURIAM. On December 30, 1930, the state of Oklahoma began its action in the district court of Blaine county, Okla., to recover the sum of $500 upon an appearance bond theretofore given in the county court of said Blaine county by one Jerry Cockburn, as principal, and Harry Masters, Guy L. Davis, and Harold H. Davis, as sureties, and which said appearance bond had been regularly theretofore, and on the 13th of October, 1930, declared forfeited

by said county court. On March 23, 1931, after due service upon said parties and without appearance or contest on their part, judgment was rendered in said cause in favor of the state. Thereafter, and on April 3, 1931, execution was duly issued by the court clerk of Blaine county and directed for service to the sheriff of Dewey county, Okla. The sheriff of Dewey county caused levy to be made upon certain lands belonging to Guy L. Davis as well as upon certain other lands belonging to the plaintiff in error herein, Harold H. Davis, and after due and proper appraisement and timely notice by publication, as required by law, sold the lands in question to the highest bidders, the lands belonging to Guy L. Davis, being purchased by one Frank Malatka and the lands of the plaintiff in error herein being purchased by the judgment creditor, the state of Oklahoma.

Thereafter, and on June 17, 1931, upon motion filed for that purpose, the district court of Blaine county, Okla., confirmed in all things the sale of the lands in question. Such confirmation was made without objection interposed by the plaintiff in error herein or by any other person.

On September 1, 1931, the plaintiff in error, Harold H. Davis, caused to be filed in said district court his motion to set aside the sale of his lands as well as to set aside and vacate the order confirming such sale. On April 21, 1932, the court, upon consideration of said motion, overruled and denied the same, and the movant thereupon duly excepted and in due course and time prosecuted this appeal to the Supreme Court.

The plaintiff in error urges two reasons for reversal of the trial court's order and judgment refusing to set aside the sale in question and the confirmation thereof. It is first urged that such sale and order of confirmation should be vacated and set aside for the reason that the sheriff of Dewey county realized from the sale of the lands belonging to Guy L. Davis sufficient money to satisfy the judgment in question, and there existed no reason for the sale of the lands belonging to the plaintiff in error. This contention is without merit. At the hearing had before the trial court upon the motion of plaintiff in error to vacate said sale and order of confirmation, no evidence was offered save and except the records in the case. The records affirmatively show that the lands of Guy L. Davis were appraised at $1,500, and there existed at such time a mortgage thereagainst in the principal sum of $800. Too, there were certain delinquent taxes. The purchaser, Frank Malat-

ka, bid the sum of $1,005 for the lands in question, and the sheriff of Dewey county certifies in his return that after satisfying the outstanding mortgage, in whatever form it was satisfied, he had in his possession to apply upon the execution in his hands a sum less than $50.

The lands belonging to the plaintiff in error herein were appraised at $400, and were sold to the judgment creditor for the sum of $275, which was more than two-thirds of their appraised value. There was available, then, to be applied upon the judgment and costs in the case, a sum slightly in excess of $300. From the record on appeal, it is thus seen that the $500 judgment had upon the appearance bond in question has not as yet been satisfied in full.

Plaintiff in error next complains because in the return of the execution issued in said case the sheriff of Dewey county attests that he levied upon the lands belonging to said plaintiff in error situated in Blaine county, rather than in said Dewey county. The appraisement of the lands belonging to plaintiff in error shows that the same were in fact situated in Dewey county, and the notice of sale, duly printed and published, describes them as being in said Dewey county, and it appears that the sheriff's return only is erroneous. The motion of the plaintiff in error to set aside the sale and the confirmation thereof did not present to the trial judge this point or matter, and the trial judge therefore had no opportunity to consider the point now raised for the first time in this court, nor to direct the correction of the sheriff's return in the respect mentioned. Such matter cannot now be urged for the first time in this court.

"In order to properly present a question to the Supreme Court for review, the record must affirmatively show that the alleged error complained of was presented to the trial court and either ignored or decided adversely to the complaining party; and unless it is thus presented to the trial court, and an opportunity there given to pass upon it, the same will not be considered by this court on appeal." Marshik v. Farmers' Union Co-operative Exchange, 123 Okla. 76, 250 P. 136.

"Error not presented below will not be reviewed." Tirey v. Darneal, 37 Okla. 611, 132 P. 1087.

The sheriff's return was subject to correction at any time the same was called to the attention of the trial court, and there occurs to our minds no reason why it cannot be remedied even now.

There being no error in the record, the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys J. J. Smith, N. C. Barry, and Frank W. Nesbitt in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Smith and approved by Mr. Barry and Mr. Nesbitt, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.