YORK v. LONG.

*99 P. 2d 1041.*

No. 29475.   March 5, 1940.

Frank Petree, of Altus, for plaintiff in error.

L. B. Yates, of Altus, for defendant in error.

HURST, J.  This is an action to foreclose a real estate mortgage. The case arose in the following manner:  On December 29, 1928, D. V. York gave the Citizens State Bank of Altus a note, secured by a mortgage on property in Altus, for $1,571. Payments were made on the debt from time to time until it was reduced to $905 on November 27, 1929, at which time a renewal note was made for the balance due. The bank was declared insolvent and taken over by the Bank Commissioner on February 3, 1930. Payments were made on the note until the balance due on October 16, 1930, was $505. In November, 1932, the note and mortgage were sold and transferred by the Bank Commissioner to the plaintiff, W. G. Long. On July 11, 1935, D. V. York and W. G. Long signed a memorandum of agreement, wherein York acknowledged the execution of the $905 note, and it was stipulated that $440 had been paid on the principal, and the interest rate was reduced from 10% to 6%. York died March 26, 1937. This action to foreclose the mortgage was instituted by Long against the heirs of York on March 31, 1938. The petition and amendment to the petition recited substantially the foregoing facts. None of the six children of York defended, but the widow filed an answer admitting the execution of the $1,571 note and mortgage, but denied under oath the execution of the renewal note and the memorandum, and pleaded the statute of limitations.

The cause was tried to a jury, and the foregoing facts were established by the bank records and the testimony of Long and two other witnesses. The widow put on no evidence. The court sustained the plaintiff's motion for a directed verdict, on which judgment was rendered. The

widow appeals, claiming error in two respects.

1. It is first contended that Long was an incompetent witness by reason of the provisions of section 271, O. S. 1931, 12 Okla. St. Ann. § 384, and that reversible error was committed in not sustaining a proper objection to his competency as a witness. The petition in error charges error in the admission of evidence, but that assignment is not argued, and is consequently deemed waived and will not be considered. Harrington v. City of Tulsa (1934) 170 Okla. 20, 39 P. 2d 120.

We are committed to the rule that section 271 must be strictly construed, and a party is disqualified from testifying in his own behalf as to transactions had personally with the deceased only when the conditions expressly mentioned in the statute exist. Grosshart v. McNeal (1923) 95 Okla. 102, 218 P. 329; Johnson v. Kimmell (1935) 172 Okla. 315, 44 P. 2d 978. One of the conditions mentioned in the statute is that the party to the action offered as a witness "has acquired title to the cause of action immediately from such deceased person."

Did Long acquire title to the cause of action immediately from York? We think not. The note and mortgage were acquired by Long immediately from the Bank Commissioner, not from York. Wilcox v. Wilcox (1937) 180 Okla. 228, 68 P. 2d 494; Webb v. Burnam (1925) 111 Okla. 248, 239 P. 653. Plaintiff's cause of action was on the note and mortgage and not, as contended by the defendant, on the memorandum signed by the deceased, which constituted an acknowledgment of the debt and simply had the effect of tolling the statute of limitations at a time prior to the running of the statute. Section 107, O. S. 1931, 12 Okla. Ann. St. § 101; Elder v. Dyer (1881) 26 Kan. 604 (construing said statute prior to its adoption in Oklahoma); Rogers v. Hall (1915) 46 Okla. 773, 149 P. 878; Smith v. American Nat. Bank of Pawhuska (1937) 181 Okla. 195, 72 P. 2d 808. The memorandum was no part of the cause of action, but simply started anew the running of the statute of limitations, which relates only to, and operates to bar, the remedy when properly pleaded, and does not extinguish the cause of action. 37 C. J. 698; 17 R. C. L. 666.

We conclude that, since Long did not acquire title to the cause of action immediately from York, he was not an incompetent witness.

2. The defendant's second contention is that the execution of the note was not established. We are of the opinion that the memorandum signed by York is sufficient to constitute an admission that he signed the note, and its introduction made out a prima facie case of the execution of the note. It appears that the $1,571 note was the only mortgage debt York owed the bank. It is not contended that the $905 note was not a renewal of the balance of the mortgage debt or that the mortgage was satisfied or extinguished by the giving of the renewal note.

It follows that the court properly overruled defendant's demurrer to plaintiff's evidence, and directed a verdict for the plaintiff.

Judgment affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY and CORN, JJ., concur.