LEWIS LEAVENSON *et al.* v. MOSES LAFONTANE *et al.*

*Error from Leavenworth County.*

If action is brought by an assignee of a demand, the defendant under section 108 of the Civil Code, is not deprived of his right to offset or counterclaim against the assignor though he may not be entitled to judgment against the assignee for any balance, but that section does not apply after judgment.

An attorney has a lien on a judgment in favor of his client for compensation, from the time of giving notice thereof.

Leavenson *et al.*, recovered judgment against *Lafontane et al.* Lafontane *et al.*, brought action against Leavenson *et al.*, by Gambell *et al.*, attorneys. No effort was made by Leavenson *et al.*, in this action before judgment to offset their judgment. Lafontane *et al.* recovered judgment,

and afterwards the said attorneys gave notice of their lien thereon for fees. This judgment was duly assigned by Lafontane *et al.* The causes of action on which the respective judgments were recovered, were such as might have been offset against each other. In this action in the court below, the plaintiffs below, Leavenson *et al.*, sought to make their judgment against Lafontane *et al.*, cancel the judgment of the latter against them as far as it went. The attorneys of Lafontane aforesaid, came in and set up their lien against that judgment for fees, alleging the giving of notice thereof. To their plea a demurrer was filed on the ground that sufficient facts were not alleged to constitute a defense. The case comes to this court on exceptions to an order overruling that demurrer.

*Clough & Wheat*, for plaintiffs in error.

*Gambell & Fitzwilliam*, for defendants in error.

*Clough & Wheat*, for plaintiff in error, submitted:

1st. That the plaintiffs were entitled to have a set-off made of the judgments as between themselves and the Lafontanes. (*See* 13 *Wend.*, 647 *and note*; 16 *Id.*, 445 *and notes*; 14 *Johns.*, 63; 1 *Cow.*, 206; 5 *Humph.*, 339; *Civil Code, sec.* 108.) The money on the judgment against the plaintiffs had to be made out of the principals, the judgment creditors against Lafontane. (*Code, sec.* 461.) The sureties had any right of set-off available to the principals.

2d. At common law, plaintiff's right of set-off would be good as against the lien of the attorneys procuring the judgment. Much more so is it under our statute. Section eight of the act relating to attorneys, (Comp. L., 103,) gives an attorney a lien upon money due his client and in the hands of the adverse party from the time of giving notice of the lien to that party. Such notices were served :

on plaintiffs after judgment. If the cross-demands shown by these judgments were then deemed to be compensated or the plaintiff then had a right of set-off, then there was no money in their hands belonging to the Lavontane's. (*Drake on Attach.*, secs. 703 *to* 712.) As the lien only took effect at time of notice, the claims must be deemed then to have already been compensated, as the plaintiffs before that time were entitled to judgment, setting off the judgment rendered against them and canceling the same against an equal amount of the judgment against Lafontane. The time fixed by the legislature for the attorney's lien to attach is in exclusion of any other time. *Broom's Maxims*, 505 ; 1 *Freeman's Dig.*, 444, 447, 480.

3d. Even had the attorneys a lien at common law, the section referred to, governs this case. *Farbush* v. *Leonard*, 8 *Mum.*, 303; 12 *Mass.*, 545; 5 *Pick.*, 168; 11 *Id.*, 350; 1 *Hill*, 324, 332; *Sedg.*, 124, 126, 131.

4th. When the rights are equal the claim of the party in possession should prevail. *Broom's Leg. Max.*, 561.

*By the Court*, CROZIER, C. J.

It is claimed by the plaintiffs in error that the District Court erred in sustaining the alleged lien of the attorneys of Lafontane as against their application to have the judgments set off against one another. They insist that upon the rendition of the latter judgment, the two judgments were to be deemed demands compensating one another within the meaning of section 108 of the Code, and hence there was nothing to which the lien at the time it was claimed, could attach.

The section referred to does not apply after the rendition of judgments upon the cross demands. It applies only in cases where the defendant sets up his cross demand before judgment is rendered against him. When the claims on each side are adjusted, the party establishing the larger is entitled to judgment for the excess. If

the action is brought by an assignee, the defendant is not deprived of the right to counter-claim or set off his demand against the assignor, and although he may not be entitled to judgment against the assignee for the excess, yet he may prevent judgment against himself if his demand equals or exceeds that against him.

In the action against the plaintiffs in error, recited in the petition, it was competent for them to set up their judgment against the defendants in error as a cross demand, and have it there set off against any claim that might be established against them. Not having done this they resorted to a separate action to accomplish that object, and doubtless would have had a right to a judgment to that effect had not the lien of the attorneys attached before this latter proceeding was commenced. When they omitted to make their claim before judgment against themselves, they took the risk of whatever legal disposition should be made of that judgment.

The judgment of the District Court overruling the demurrers will be affirmed.

All the justices concurring.