**MOWATT v. SHIDLER et al.**

No. 8353—Opinion Filed Nov. 27, 1917.

(168 Pac. 1169.)

1. **Set-Off and Counterclaim—Claims Arising Under Contract.**

In an action against one upon a contract, he may offset or plead as a defense thereto any claim arising to him by virtue of any contract with the one instituting the same.

2. **Same—Set-Off by Purchaser—Agreement.**

Where the plaintiff institutes a suit to to recover a certain sum as the purchase price for a tract of land sold and conveyed to the defendant, and seeks to establish a vendor's lien thereon, in which action the defendant pleads as an offset an indebtedness alleged to be due by the plaintiff to him as evidenced by a promissory note and an account, it was error for the trial court to instruct the jury that said defendant was not entitled to recoup this indebtedness against the sum sued for, unless at the time of the transaction there was an agreement between them that the indebtedness should be set off as a part of the consideration for the property.

(Syllabus by Hooker, C.)

Error from District Court, Kay County; W. M. Bowles, Judge.

Suit by E. S. Shidler, administrator of the estate of Lizzie Pepper, deceased, and another, against John S. Mowatt. Judgment for plaintiffs, and defendant brings error. Reversed, and cause remanded for a new trial.

J. F. King, for plaintiff in error.

Sam K. Sullivan and H. S. Burke, for defendants in error.

Opinion by HOOKER, C. This suit was instituted in January, 1914, by E. S. Shidler, administrator of the estate of Lizzie Pepper, against John S. Mowatt, to recover the sum of $2,250, and to foreclose a vendor's lien upon the real estate involved in this action. And in the petition filed herein it is alleged that in September, 1913, the said Mowatt purchased from Lizzie Pepper said real estate for the consideration of $2,400, and that at the time the deed was made he paid to her $50, and agreed to pay, upon being advised that the title was good, the balance of $2,350, and that he subsequently paid her $100, leaving a balance due of $2,250, for which judgment was sought, and also the establishment of a vendor's lien upon said real estate to secure the payment of the aforesaid sum.

The answer of the said Mowatt consisted of a general denial, but admitting that he had purchased the property involved here from Lizzie Pepper for the sum of $2,400, and that E. S. Shidler was the administrator and had demanded of him the sum of $2,250, the balance due which he had refused to pay. And further answering, the said Mowatt alleged that in March, 1912, the said Lizzie Pepper, for value received, had made, executed, and delivered to him her certain promissory note of that date, whereby ten days after date she had promised to pay him the sum of $1,310, with 10 per cent. interest from date, and that no part thereof had been paid. And he further alleged that in August, 1912, at the special instance and request of said Lizzie Pepper, he had loaned to her the sum of $50, which was still due and owing by her to him, and he asks that he have credit on the amount of the purchase price of said land for these sums. And it was further alleged in said answer that in September, 1913, at the time he purchased said property from her, it was agreed and understood by and between him and the said Lizzie Pepper that he was to have credit upon said purchase price for the full amount of said note and interest, and the account of $50, all of which was to be deducted from the purchase price of said real estate upon the final settlement between said parties.

The reply of the plaintiff was a general denial, but unverified, and the same also contained a plea of no consideration for the execution of said note by the said Lizzie Pepper, to the defendant, Mowatt. Upon these issues this cause was tried and a judgment had by the administrator of this estate against the said Mowatt for the full sum sued for, to wit, $2,250, and to reverse which an appeal is had here.

There is no dispute in the evidence here as to the amount of money which Mowatt was to pay Lizzie Pepper for this property, nor is there any dispute as to the payment of the $150 prior to the institution of this suit. The administrator contends that the entire amount of $2,250 was due, while Mowatt asserts that he was entitled to a credit for the amount of this note held by him against her, and the amount of the account due to him from her.

It will be noticed that the answer of the said Mowatt alleged the execution and delivery of said note by Lizzie Pepper to him, and that the reply filed here by the administrator was unverified, hence the execution of said note, under section 4759, Revised Laws of 1910, was admitted. That being true, the plaintiff in error was entitled to

recover the amount due thereon in the lower court, unless the plea of no consideration made by the defendant in error thereto was sustained by the evidence. Section 4745, Revised Laws of 1910, is as follows:

"Answer. The answer shall contain: * * * Third. When relief is sought, the nature of the relief to which the defendant supposes himself entitled. The defendant may set forth, in his answer, as many grounds of defense, counterclaim, set-off, and for relief, as he may have, whether they be such as have been heretofore denominated legal, or equitable or both. * * * "

And section 4746, Revised Laws of 1910, provides:

" * * * That either party can plead and prove a set-off or counterclaim of the proper nature, in defense of the liability sought to be enforced by the other party, and it shall not be necessary that such set-off shall exist as between all parties plaintiff and defendant in such suit, but any party may enforce his set-off or counterclaim against the liability sought to be enforced against him, * * * "

And section 4751, Revised Laws of 1910, provides:

"When cross demands have existed between persons under such circumstances that, if one had brought an action against the other, a counterclaim or set-off could have been set up, neither can be deprived of the benefit thereof by the assignment or death of the other; but the two demands must be deemed compensated so far as they equal each other."

These statutes are clearly applicable in this case. The defendant in error having declared upon a contract upon which he seeks to recover in this case, the plaintiff in error was entitled to offset the claim arising to him by virtue of any contract due by the defendant in error.

The trial court, over the objection of the plaintiff in error, instructed the jury as follows:

"You are instructed, however, gentlemen of the jury, that although you may find that the plaintiff, prior to her death, was indebted to the defendant in the sum of $1,350.50 as shown by the note, and also had received the sum of $50 by way of a loan from the defendant, still he would not be entitled to recoup this indebtedness against the consideration of this note unless at the time of the transaction there was an agreement between Lizzie Pepper and this defendant that the indebtedness should be set off as a part of the consideration for the deed."

This instruction does not cover the law applicable to this case. The same is in violation of the statutes above quoted, for under these statutes, if the estate of Lizzie Pepper was indebted to Mowatt in any sum by reason of the transaction set forth by him in his answer, he was entitled to a credit upon the contract sued upon by her administrator in this action. This instruction was prejudicial to his rights, and in our opinion sufficient to cause a reversal of this case.

Under the pleadings as they now are and the evidence, it is a question of fact for the jury to say whether there was any consideration for this note, and if the decedent owed the account to defendant as claimed. If they so find, then Mowatt is entitled to a credit therefor. But if they find adverse to him, the defendant in error is entitled to recover the relief sought by him as the administrator of said estate in this cause.

The judgment of the lower court is therefore reversed, and this cause remanded for a new trial.

By the Court: It is so ordered.