## WHITE v. MITCHELL, Adm'x.

No. 34276.   Oct. 16, 1951.

Rehearing Denied Jan. 15, 1952.

Application for Leave to File Second
Petition for Rehearing Denied
March 11, 1952.

*241 P. 2d 407.*

H. P. White, Pawhuska, for plaintiff in error.

Paul N. Humphrey, Pawhuska, and Marvin T. Johnson, Tulsa, for defendant in error.

JOHNSON, J.   On the 6th day of October, 1948, H. P. White filed an action against Corinne B. Mitchell, administratrix of the estate of Joseph D. Mitchell, deceased, in which he alleged that as attorney he represented Joseph D. Mitchell during his lifetime in appearances before the Osage Indian Agency.   Attached to this petition was a claim asserting services rendered June 3, 1944.   The claim is as follows:

"1944

"June 3rd. To services rendered said Joseph D. Mitchell at his special instance and request, as his attorney, before Osage Indian Agency officials, before the Osage tribal council, before a senate sub-committee, before the commissioner of Indian Affairs, and before the Secretary of Interior in the matter of the questioned validity of Mr. Mitchell's limestone mining lease, and a demand by the Secretary of the Interior that Mr. Mitchell pay to the Osage Indian Agency the sum of $21-917.57 as additional limestone royalty.

| | |
|---|---|
| "Fee @ 10% | $2,191.75 |
| "Interest @ 6% from 5-26-44 to 6-26-48 | 536.98 |
| "Total | $2,728.73 |

"Assessed as intangible personal property and all taxes and penalty due thereon has been paid. Letter of Secretary of Interior, Exhibit A, attached Brief of H. P. White, Exhibit B, attached Opinion of Secretary of Interior, Exhibit C, attached.

### Credits

"One note dated 3-3-43, interest
@ 10% _____Principal $100.00
         Interest to July 3, 1948___ 53.33
One note dated 7-24-43, interest
@ 10% _____Principal $150.00
         Interest to July 24, 1948___ 75.00
One note dated 11-15-43, interest
@ 10% _____Principal $100.00
         Interest to July 15, 1948 __ 46.00
One note dated 2-7-45, interest
@ 10% _____Principal $100.00
         Interest to July 7, 1948___ 33.33
One note dated 5-8-44,
   interest 10% Pr. _____$ 76.00
      Interest to 4-3-45_____ 5.70

| | |
|---|---|
| Due  4-3-45 _____ | 81.70 |
| Paid on same 4-3-45 | 50.00 |
| Balance Principal _____ | 31.70 |
| Interest on bal. to 7-3-48 | 10.51 |
| Total credits _____ | 700.53 |
| Total Debits _____$2,728.73 | |
| Total Credits _____ | 700.53 |
| Total Debits _____$2,028.20" | |

A demurrer was filed to this petition. The trial court sustained the demurrer and gave the plaintiff ten days to amend. Within time he filed his amended petition by setting up a written contract for services. The trial court sustained a demurrer to the amended petition whereupon plaintiff filed an amendment to the amendment in which he alleged that the last service under the contract was rendered on February 7, 1947. The court sustained a motion to strike and a demurrer to the petition as amended. Plaintiff appeals from the final ruling of the trial court. There are three specifications of error presented in the brief which shall be considered in the order of presentation.

It is first argued that the trial court erred in striking the amendment to the amended petition. Plaintiff relies upon the fact that on the 5th day of April, 1949, and before any answer was filed, he filed the amendment to the amendment stating that the last service under the contract was rendered during the month of February, 1947. Plaintiff cites Detwiler v. Duncan, 199 Okla. 189, 185 P. 2d 200. This as well as the other cases relied upon by plaintiff has no reference to the striking of irrelevant and redundant matter by the court in the due process of making up the issues. The amendment was not stricken because it was filed without permission. It was stricken in accordance with a request because not germane to the issues and not related to the claim filed. See Striking Out Matters from the Pleadings, West Dig. Pleadings, Key No. 362; Gage v. Connecticut Fire Ins. Co., 34 Okla. 744, 127 P. 407; Grand Lodge v. Farmers' & Merchants' Bank, 64 Okla. 225, 166 P. 1080.

It is next argued that the trial court erred in sustaining the demurrer to the amended petition because it did not show on its face that the statute of limitations had run against the claim. The issue to be determined therefore is whether the petition showed on its face that the claim was barred by the statute of limitations. According to the

claim the last services performed were rendered June 3, 1944. The contract was oral. The claim was first presented June 26, 1948, and the cause of action was filed the 6th day of October, 1948, and was barred by the statute of limitations. 12 O. S. 1941 §95, subd. 2.

The amendment did not attempt to change the claim attached to the petition as an exhibit. The written contract would constitute a new claim. The allegations of services rendered in February, 1947, were contrary to the claim presented. Neither the amended petition nor the amendment to the amended petition stated a cause of action not barred by the statute, supra, because plaintiff could not change the original claim filed within the statutory period by an allegation of a new claim and if either the amended petition or the amendment to the amended petition alleged a claim against the estate, such claim had not been presented within the statutory period for presentation of claims. In an action against an estate the claims sued on, if in conflict with the allegation of the petition, must prevail over the allegations of the petition. 58 O.S. 1941 §333; Devine v. Pyanhunkah, 170 Okla. 178, 39 P. 2d 132; Fife v. Jackson, 190 Okla. 500, 125 P. 2d 175. The petition showed on its face that the claim filed was barred by the statute of limitations, supra. The court did not err in sustaining the demurrer to the petition.

Finally it is argued that the statute of limitations had not run because by reason of the execution of the notes attached to the claim there existed mutual accounts between plaintiff and defendant. Plaintiff cites in support of this proposition Wood & Co. v. Val Blatz Brewing Co., 112 Okla. 119, 240 P. 115, and other cases. The cases cited by plaintiff are so unrelated to the facts in the case at bar as to be of no assistance. See Sharp Lumber Co. v. Kansas Ice Co., 42 Okla. 689, 142 P. 1016. The answer to this proposition is that no one is attempting to establish a counterclaim to the claim of plaintiff. The defendant filed no an-

swer or counterclaim. The plaintiff had no authority to set up one for her.

It appears therefore that had the trial court left intact the amendment to the amended petition the petition would have shown on its face that the action was barred by the statute of limitations. If the trial court technically erred in sustaining the motion to strike, we will not reverse the case for this reason. The trial court could have treated the motion to strike as a demurrer. This court will consider the substance of a pleading rather than the title thereto. State ex rel. Morrison v. City of Muskogee, 70 Okla. 19, 172 P. 796.

There was no error in the judgment rendered.

Judgment affirmed.