**H. P. WHITE, Plaintiff in Error,**

v.

**Corinne B. MITCHELL (now deceased), Administratrix of the Estate of Joseph D. Mitchell, Deceased, Paul N. Humphrey, Successor Adm'r of said Estate, Defendant in Error.**

**No. 35757.**

Supreme Court of Oklahoma.

June 1, 1954.

Rehearing Denied July 7, 1954.

Application for Leave to File Second Petition for Rehearing Denied Feb. 15, 1955.

H. P. White, pro se, Pawhuska, Lee Williams, Oklahoma City, for plaintiff in error.

Paul N. Humphrey, pro se, Marvin T. Johnson, Tulsa, for defendant in error.

ARNOLD, Justice.

Corinne B. Mitchell as administratrix of the estate of Joseph D. Mitchell, deceased, brought this action in the District Court of Osage County against H. P. White on five promissory notes the principal sums of which totalled $576 with accrued interest and attorney fees as provided in the notes.

The pleadings are very voluminous and complicated. It would result only in confusion to attempt to detail them here. The essential facts as shown by verified pleadings and supported by the evidence are:

H. P. White had represented Joseph D. Mitchell as attorney in various matters of litigation since 1933. Separate written contracts of employment were entered into by the parties on two of the cases; on one of the cases the contract of employment was apparently oral; and on two of the matters it does not appear whether the contract of employment was written or oral.

White had borrowed at different times small sums of money from Mitchell, giving his promissory notes therefor, payable on demand, which are the notes sued on here. The first note is dated March 3, 1943, in the sum of $100; the second note is dated July 24, 1943, in the principal sum of $150; the third is dated November 15, 1943, in the sum of $100; the fourth is dated May 8, 1944, in the sum of $76; and the fifth dated February 7, 1943, is in the principal sum of $100; all the notes bore ten per cent interest from date and provided for an attorney's fee if placed in the hands of an attorney for collection. No payments had been made on any of the notes either of principal or interest.

Prior to Mitchell's death, on June 21, 1947, White rendered Mitchell an itemized statement of all the legal fees which White claimed Mitchell owed him. No action was taken by Mitchell on this statement.

On March 1, 1948, Mitchell brought suit against White on the first of the above-described notes in Justice of the Peace Court. Trial of the case was never had but after the death of plaintiff Mitchell the case was dismissed without prejudice.

After the death of Mitchell White filed with the administratrix of his estate three separate claims for various items of legal services rendered the deceased in which he gave credit for the notes sued on here with accrued interest. The administratrix took no action upon these claims for ten days, whereupon White filed three separate lawsuits against the administratrix in the District Court of Osage County on the various items involved. For the sake of clarity these three suits, the items involved, and the disposition thereof are described immediately below:

(1) Cause No. 18,748 involved a claim for legal services rendered under a written contract of employment in the case of Mitchell v. Concho Sand and Gravel Company for royalties due Mitchell under a written rock mining lease. White obtained judgment for Mitchell for the royalties due him together with a judgment for an attorney's fee of $1,700; the judgment was later set aside, Mitchell and Concho compromised the suit without aid of attorneys, and in the written agreement of compromise Mitchell assumed liability for White's attorney fee.

In said Cause No. 18,746 the administratrix did not plead the notes here sued on as off-set but introduced them in evidence and at the close of the trial withdrew them with permission of the court. Judgment was rendered in favor of White for the sum of $1,400 and this judgment was paid by the administratrix.

(2) Cause No. 18,747 was based upon legal services rendered under an oral contract of employment in June, 1944, by White for Mitchell in appearing before Osage Indian Agency officials, a senate subcommittee, the Commissioner of Indian Affairs, and the Secretary of the Interior in an attempt to uphold the validity of Mitchell's limestone mining lease (it appears Mitchell had obtained this lease from the Osage Indian Agency and had subleased it to Concho Sand and Gravel Company; after Mitchell brought suit against Concho for royalties accrued under the sub-lease the Secretary of the Interior notified Mitchell that his lease was void and made demand for a royalty of ten per cent of all limestone theretofore mined in lieu of the flat yearly rental provided by the lease. Through White's efforts the Department of Interior reversed its stand and acknowledged the validity of the lease and accepted the flat yearly rental provided thereunder, thereby effecting a saving to Mitchell of some $20,000). A demurrer to the petition was sustained in District Court and White appealed to this court. We held that the petition showed on its face that the services were rendered in 1944 under an oral contract of employment, that the case was filed in 1948, that the statute of limitation had run and affirmed the lower court in sustaining the demurrer. White v. Mitchell, 206 Okl. 151, 241 P.2d 407.

(3) Cause No. 18786 was based on an alleged account stated (being the detailed statement for legal services rendered to Mitchell before his death, mentioned above, which included the two items sued on in the cases listed in paragraphs (1) and (2) above as well as other items). In the petition in this case White gave credit for the notes herein sued on with accrued interest. This case was dismissed without prejudice on June 21, 1949.

Plaintiff as administratrix of Mitchell's suit filed the instant suit against White on July 1, 1949. Her amended petition sets up five causes of action, one on each of the notes above described, and further alleges as to all five causes of action that White, before the notes became barred by

limitation, on June 26, 1948, acknowledged said indebtedness in writing by including the notes on the written verified claim which he filed with the administratrix as a credit against the amount which he claimed the estate owed him and in addition wrote a letter to the administratrix in which he stated he was giving credit for the amount of the notes against the sum which he claimed was due him; and also that in Cause No. 18,747 (described in paragraph No. 2 above) he had listed the notes as a credit, and attached the creditor's claim filed by White as an exhibit to the petition.

Defendant's answer consisted of a general denial, plead the statute of limitation to the first four notes, alleged that because the notes had been introduced in evidence in the case described in paragraph No. 1 above that they had been adjudicated as an offset to White's claim for services in that case; and in his cross petition replead his petition in case No. 18,786 (described in paragraph No. 3); acknowledged receipt of the amount of the judgment, $1,400, rendered in the case described in paragraph No. 1 above, and prayed judgment against plaintiff in the amount of $5,170.92 with interest.

Plaintiff in her reply and answer to defendant's cross petition denied that the notes were barred by the statute of limitation because of defendant's acknowledgement of the indebtedness represented by the notes by giving credit therefor in his claim filed in the estate and in his pleadings in the cases described in paragraphs Nos. 1 and 2 above; that the items set out in his cross petition were sued on and settled in said cases and are now res adjudicata; that his claim is barred by the statute of limitation.

On the issues thus made up the cause went to trial to the court. The evidence is not in conflict and consists of detailed history of the transactions and litigation between the deceased and his administratrix and defendant White as outlined above. The court entered judgment against defendant for the full face value of the notes with accrued interest to date amounting to $877.38 and attorney's fees of $102.60 and denied defendant judgment on his cross pe-

tition for the apparent reason that the items claimed in his setoff were res adjudicata and barred by the statute of limitation. From order overruling motion for new trial defendant appeals.

Defendant urges that under Title 12 O.S. 1951 § 273, either party can plead and prove a setoff in defense of the liability sought to be enforced by the other party, that such setoff can be enforced against the liability sought to be enforced against him, and that such setoff shall not be barred by the statute of limitation until the claim of the plaintiff is so barred. In this connection he urges that the court erred in refusing to allow his setoff for the legal services in the amount of $2028.20 claimed for representing Mitchell before the Department of Interior and the Osage Indian Agency in upholding the validity of the limestone mining lease. With this contention we agree.

The first four notes sued upon by plaintiff show on their face that they are barred by the statute of limitation unless as to the first note the suit filed thereon in Justice Court and later dismissed without prejudice tolled the running of the statute for one year after such dismissal (the present suit was filed within one year after the dismissal of such suit) and as to all four notes unless White's claim filed in the estate and the various pleadings filed by him in his various lawsuits described above setting forth the notes as a credit against the amount which he claimed was due him was such a written acknowledgment of the debt under the provisions of 12 O.S.1951 § 101, as to extend the period of limitation. However that may be, the suit on the fifth note was within the period of limitation. Defendant was entitled to plead and prove any setoff which he might have, whether such setoff in itself was barred by statute or not. It is uncontradicted that defendant rendered the legal services as claimed by him. There is no showing that he was ever paid therefor, nor is there any allegation or proof that the amount claimed by him for such services is contrary to the oral contract of employment or is unreasonable.

Plaintiff claims, however, that this claim for services was litigated in Cause No. 18,747 in which the trial court sustained demurrer to White's petition and this court affirmed the action of the court in so doing, and therefore the matter is res adjudicata. Our opinion in that case clearly shows that there was no decision on the merits; the decision rested on the fact that White's petition showed on its face that it was based on an oral contract of employment made more than three years prior to the institution of the suit and was therefore barred by the statute of limitation; this decision went merely to the enforcement of White's remedy at that time, not to his legal rights. Our decision cannot therefore be res adjudicata as to his legal right to be paid in a new action based upon new conditions. See Clark v. Keith, 103 Okl. 20, 229 P. 613, holding that statutes of limitation affect the remedy only, are matters of procedure and not of substantive right; York v. Long, 186 Okl. 643, 99 P.2d 1041; 53 C.J.S., Limitations of Actions, § 6b, p. 922; Goldsborough v. Hewitt, 23 Okl. 66, 99 P. 907 (holding that a judgment sustaining a demurrer for misjoinder of causes of action is not res adjudicata of the merits); Freeman on Judgment (5th Ed.) Sec. 747, p. 1576; 50 C.J.S., Judgments, § 650, p. 92.

This is a suit between the administratrix of Mitchell's estate and defendant. 12 O.S.1951 § 278 provides:

"When cross demands have existed between persons under such circumstances that, if one had brought an action against the other, a counterclaim or setoff could have been set up, neither can be deprived of the benefit thereof by the assignment or death of the other; but the two demands must be deemed compensated so far as they equal each other."

Defendant is therefore entitled to offset his claim for services to the extent of the liability sought to be enforced against him by the administratrix, but is not entitled to a judgment over for the excess. Leavenson v. LaFontane, 3 Kan. 523; First Nat. Bank of Ada v. Jackson, 140 Okl. 282, 283 P. 242, 68 A.L.R. 900; Mowatt v. Shidler,

66 Okl. 303, 168 P. 1169; Murphy v. Colton, 4 Okl. 181, 44 P. 208.

The cause is reversed with instructions to offset defendant's claim for services against plaintiff's claim against him to the extent of the aggregate sum of the notes, with interest and attorney's fees.

Reversed.

JOHNSON, V. C. J., and WELCH, CORN, DAVISON, WILLIAMS and BLACKBIRD, JJ., concur.

HALLEY, C. J., and O'NEAL, J., dissent.