Irving M. RUBENSTEIN, also known as Irving M. Ruby, Appellant,

v.

UNITED STATES of America, Appellee.

No. 5120.

United States Court of Appeals
Tenth Circuit.

Sept. 1, 1955.

---

Isaac Mellman, Denver, Colo. (Gerald N. Mellman, Denver, Colo., was with him on the brief), for appellant.

Robert Swanson, Asst. U. S. Atty., Denver, Colo. (Warren Olney III, Asst. Atty. Gen., Robert S. Erdahl, Carl H. Imlay, Attys., Criminal Division, Dept. of Justice, Washington, D. C., and Donald E. Kelley, U. S. Atty., Denver, Colo., were with him on the brief), for appellee.

Before BRATTON and MURRAH, Circuit Judges, and WALLACE, District Judge.

BRATTON, Circuit Judge.

The present appeal in this criminal case presents for review the action of the trial court in denying without a hearing a motion to vacate and set aside the judgment and sentence.

The indictment contained two counts. The first count charged an attempt to evade and defeat income taxes and the second charged aiding and assisting in the preparation and presentation of a false and fraudulent income tax return. Appellant was found guilty on both counts and was sentenced to imprisonment and payment of a fine on each count. On appeal, the judgment was affirmed in respect to the charge contained in the first count but reversed in respect to that contained in the second count, 10 Cir., 214 F.2d 667; and certiorari was denied, 348 U.S. 896, 75 S.Ct. 215. After remand, the trial court reduced the period of imprisonment under the first count, on condition that the fine be paid. The fine was paid; the sentence of imprisonment under the first count went into effect; and appellant was imprisoned for its service.

After being incarcerated for service of the sentence, appellant filed in the case a motion to vacate and set aside the judgment and sentence. It was alleged in the motion that prior to the commencement of the trial of the case another criminal case in the same court was tried; that in such other case a certain defendant named Smaldone and others were charged with violations of income tax statutes; that such charges were similar to the charges against appellant in this case; that certain information was presented to the authorities which indicated that persons on the jury in the case against Smaldone and others had been approached on behalf of some of the defendants in that case; that such information resulted in an investigation by the grand jury; that, without the knowledge of appellant or his attorneys but with knowledge on the part of the court and the United States Attorney, the members of the panel from which the jury in the case against appellant was selected were questioned by agents of the United States Treasury and were called before the grand jury and interrogated as to whether they had been approached by anyone in respect to their jury service; that such interviewing, questioning, and interrogating of members of the jury panel constituted a form of intimidation on behalf of the United States; that of necessity it had some effect upon the deliberation and determination of the jury in this case; and that therefore appellant did not have a fair and just trial before a fair and impartial jury as guaranteed by the Fifth and Sixth Amendments. The prayer in pertinent part was that appellant be granted a prompt hearing; that upon a finding that there had been a denial or infringement of the constitutional rights

of appellant, the verdict and judgment entered thereon be vacated and set aside; and that appellant have such other and further relief as should seem meet and proper. The motion was denied without a hearing, and this appeal followed.

After the appeal had been perfected, the parties filed in the trial court a written stipulation. It was stipulated among other things that a criminal case against Eugene Smaldone came on for trial; that a mistrial was declared and the case set for a second trial about two months later; that in the meantime, a grand jury undertook an investigation of jury tampering in connection with the then pending Smaldone case; that as the result of the investigation, indictments were returned charging Eugene Smaldone, Clyde Smaldone, and others, with conspiracy and the substantive offenses of attempted bribery and obstruction of justice in approaching members of the petit jury panel; and that the facts relating to the charges as developed at the trial were more fully reflected in Calvaresi v. United States, 10 Cir., 216 F.2d 891, reversed 348 U.S. 961, 75 S.Ct. 522. It was further stipulated that in connection with the investigation of the charge of jury tampering in the Smaldone case, members of the jury panel from which the jury selected to try the instant case was subsequently drawn were questioned by agents of the Internal Revenue Service as to whether they had been approached concerning their jury service; that eight of the jurors who served in this case were questioned as to whether anyone had contacted or talked with them regarding their jury service; that one was questioned as to whether anyone had contacted or talked to him regarding his jury service, or had recently offered him an unusually attractive financial deal; and that all replied in the negative. It was further stipulated that in addition to the questioning by the agents of the Internal Revenue Service, the entire panel of petit jurors were questioned by the grand jury; that each was asked whether he had been approached by anyone

with respect to his activities as a juror, whether he had received any threats or promises, and whether he had received any information on the subject; that in each instance the answer was in the negative; that one juror was asked whether he knew one Lawson, an individual involved in the Smaldone case; that the juror said he did but had not visited with him or had any dealings with him; that another juror was asked whether he knew the Smaldones, to which he replied that he only knew them through eating at their restaurant; and that a third juror volunteered the information that she was related "in a vague roundabout way through marriage" to the Smaldones but did not know them or anything about them. And it was further stipulated that the stipulation should be transmitted to this court as part of the record on appeal. A copy of the transcript of the proceedings of the grand jury relating to such jurors was appended to the stipulation as an appendix and was incorporated therein by reference. The stipulation, together with the transcript, was transmitted to this court and is before us.

 The motion stated in express language that it was filed pursuant to 28 U.S.C.A. § 2255. That statute provides in substance that a prisoner in custody under sentence of a court claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose the sentence, or that the sentence is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct it. The plain Congressional purpose of the statute was to provide that the attack upon a judgment which previously might have been made in a proceeding in habeas corpus should be made by motion filed in the criminal case, unless for some reason the remedy by motion is inadequate or ineffective to test the legality of the detention. The statute does not enlarge the class of attacks which may be made

upon a judgment of conviction in a criminal case. Instead, it provides in substance that the attack must be made by motion in the court in which the sentence was imposed rather than in some other court through resort to habeas corpus, unless the remedy by motion is inadequate. The form of the attack is direct, but the scope is limited to matters which may be raised by collateral attack. A proceeding under the statute is an independent and collateral inquiry into the validity of the conviction. United States v. Hayman, 342 U.S. 205, 72 S. Ct. 263, 96 L.Ed. 232; Taylor v. United States, 10 Cir., 193 F.2d 411; Kreuter v. United States, 10 Cir., 201 F.2d 33; Smith v. United States, 10 Cir., 205 F.2d 768.

■ Appellant did not attack the judgment and sentence on the ground that it was imposed in violation of the Constitution or laws of the United States, or on the ground that the court lacked jurisdiction to impose it, or on the ground that it was otherwise subject to collateral attack. He challenged the judgment and sentence on the ground that he was not tried before a fair and impartial jury as contemplated by law. And over a long period of time the accepted procedure for presenting a question of that kind has been by motion for new trial. United States v. Fries, 3 U.S. 515, 3 Dall. 515, 1 L.Ed. 701; Raub v. Carpenter, 187 U.S. 159, 23 S.Ct. 72, 47 L.Ed. 119; United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129; Remmer v. United States, 347 U.S. 227, 74 S.Ct. 450, 98 L.Ed. 654; Id., 348 U.S. 904, 75 S.Ct. 288; Lancaster v. United States, 5 Cir., 39 F.2d 30; Albizu v. United States, 1 Cir., 88 F.2d 138, certiorari denied, 301 U.S. 707, 57 S.Ct. 940, 81 L.Ed. 1361.

■■ Even though it was stated in the motion that it was filed under section 2255, supra, and even though the judgment and sentence was not open to collateral attack by motion under the statute on the ground that the trial was not before a fair and impartial jury, that was not fatal to the right asserted in the motion or to the relief which was sought. There is no controlling magic in the title, name, or description which a party litigant gives to his pleading. The substance rather than the name or denomination given to a pleading is the yardstick for determining its character and sufficiency. E. S. Parks Shellac Co. v. Jones, 265 Mass. 108, 163 N.E. 883; White v. Mitchell, 206 Okl. 151, 241 P.2d 407; Girtman v. Girtman, 191 Ga. 173, 11 S.E. 2d 782; Parker v. Nixon, 184 Ark. 1085, 44 S.W.2d 1088. Since the pleading challenged the judgment and sentence on a ground which was properly open to determination on motion for new trial, the trial court should have treated it as a motion for new trial on the ground of newly discovered evidence and we do treat it in that manner.

■■ Treating the pleading as a motion for new trial on the ground of newly discovered evidence, its crucial substance was that the questioning of the jurors by the agents of the Treasury, and their interrogation by the grand jury, constituted intimidation on the part of the United States which of necessity had effect upon the deliberation and determination of the jury, and that therefore appellant did not have a fair and just trial before a fair and impartial jury. It is an axiomatic principle firmly imbedded in the field of fundamental law that it is vital to the judicial system that a jury shall determine the case free from external causes which tend to disturb the full and untrammelled exercise of deliberate and unbiased judgment, and that no ground of suspicion that the administration of justice has been thwarted by deliberate interference with that function of the jury can be tolerated. Within the range of that general rule lies the interdiction upon a party litigant subjecting members of the jury to critical surveillance for the purpose of ascertaining their acts and conduct while serving on the jury. Sinclair v. United States, 279 U.S. 749, 49 S.Ct. 471, 73 L.Ed. 938. And the United States in its capacity as a party litigant has no more right or privilege than any other

litigant in respect to subjecting members of a live jury panel to surveillance concerning their acts and conduct during the time they are serving on the jury or prior thereto.

■■ In this instance, the purpose of interviewing, interrogating, and examining the members of the jury panel was not to ascertain the kind of persons they were or the quality of jury service they were rendering or would likely render during their tenure as members of the panel. No improper motive of that kind occasioned the contacts with the jurors. The purpose of the contacts with the jurors was to ascertain whether a criminal offense or criminal offenses had been committed by persons seeking to interfere or interfering with the due administration of justice in another case or in other cases in the same court, and whether indictments should be returned charging such offense or offenses. But the result of the contacts upon the jurors sitting in this case is the criterion to be applied in determining whether there was an impingement upon the right of the appellant to be tried before a fair and impartial jury. Regardless of the purpose, if the interviewing and examining of the jurors sufficiently disturbed or reasonably tended to disturb the calm equilibrium of timorous members of the panel or those with such sensitive temperaments that they could not or did not exercise the same calm and informed judgment which they would have exercised except for such contacts, the right of appellant to be tried before a fair and impartial jury with the contemplation of law did suffer impingement. But appellant did not have an opportunity to establish by proof these essential allegations contained in the motion. And the denial of the motion without affording him such opportunity constituted error. Remmer v. United States, supra.

The order denying the motion for new trial is vacated; and the cause is remanded to the District Court with directions to hold a hearing to determine whether the incidents of which complaint is made did affect or reasonably tend to affect the full and free exercise of the calm and informed judgment of any member or members of the jury, and if it is found that such incidents actually had or reasonably tended to have such effect, to grant a new trial.