UNITED STATES of America,
Appellee,

v.

Howard Eugene ROWELL, Appellant.

No. 74–1731.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 11, 1975.

Decided March 21, 1975.

James L. Crabtree, Millin, Crabtree & Houdek, Kansas City, Mo., for appellant.

Robert G. Ulrich, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before BRIGHT and STEPHENSON, Circuit Judges, and TALBOT SMITH,* Senior District Judge.

* The Honorable Talbot Smith, Senior District Judge, Eastern District of Michigan, sitting by designation.

STEPHENSON, Circuit Judge.

This appeal from a jury conviction [1] on two counts of an indictment charging distribution of heroin asserts (1) insufficiency of the evidence to support a finding of defendant's mental responsibility at the time of the offense, (2) error by the court in interrogating a juror after the trial had commenced, and (3) error in the imposition of sentence. We affirm.

## I.

In substance, appellant contends that the government failed to establish beyond a reasonable doubt that he was able to conform his conduct to the requirements of the law in accordance with the test of insanity prescribed in this circuit. United States v. Frazier, 458 F.2d 911, 918 (8th Cir. 1972). He particularly points to the testimony of Dr. Zwerenz who, in response to a hypothetical question, opined that at the time of the offense appellant " * * * was suffering from mental disease or defect which did not allow him to conform his conduct to the requirement of the law." The record included testimony and evidence indicating, among other things, that appellant had a long history of drug addiction, was suffering from withdrawal symptoms at the time the heroin in question was obtained and distributed, and was able to secure heroin for himself in the process of doing so.

The government in rebuttal offered the testimony of Dr. McKnelly who, in response to a similar hypothetical question, was of the opinion that appellant "could appreciate the nature of his acts and was able to adhere to the right." Dr. McKnelly had seen Dr. Zwerenz' report and suggested they were in agreement as to everything except their conclusions.

Further discussion of the evidence would not be fruitful. Suffice to say a submissible jury issue as to mental competency was created and submitted to the jury under proper instructions. The jury having spoken, we must review the evidence most favorable to the prevailing party. United States v. Dawson, 467 F.2d 668, 673 (8th Cir. 1972). We are satisfied that the verdict has adequate support in the evidence.

## II.

At the close of the first day of trial, counsel for the government advised the court that one of the jurors apparently had been convicted of several municipal violations for offenses relating to the use of alcohol. The following day, at the close of the evidence, the prosecutor suggested that the juror in question might not be a competent juror. Appellant's counsel advised the court that he would strenuously object to anything being done without a hearing—that the juror in question was the only black on the jury. After further discussion, appellant's counsel advised the court that he would object to any further action being taken, pointing out that the government had failed to request any voir dire questions and that municipal ordinance violations would not make the juror incompetent to serve.

Ultimately, after the evidence was closed, the trial court decided to hold a hearing for the purpose of determining whether the juror could continue to serve as an impartial juror in the case.[2] The hearing was held in chambers by agreement of the parties. The court carefully questioned the juror, who assured the court he had no prejudice against law enforcement officials and would be a fair and impartial juror. The court then announced that it would not be warranted in finding that he would not be an impartial juror and instructed the juror not to discuss the matter with any other jurors. The juror continued his service with the jury. No

---

1. The Honorable William H. Becker, Chief Judge, Western District of Missouri, initially sentenced defendant for a study and report under 18 U.S.C. § 4208(b). Ultimate sentence imposed was two years imprisonment on Count I to be followed by three years probation on Count II; mandatory parole term of three years under 21 U.S.C. § 841 to follow release on Count I and probation on Count II.

2. The court indicated to counsel that had the conviction record been disclosed on voir dire, it would have sustained a challenge for cause under 28 U.S.C. § 1866(c)(2).

objection was then made by any of the parties.

■ The parties are entitled to a trial by an impartial jury. Matters which come to the attention of the trial judge after trial has commenced which may affect impartiality on the part of a juror or jurors command careful consideration. The taint of partiality must be removed. But in doing so, great care must be exercised in order to avoid compounding the problem.

In Remmer v. United States, 347 U.S. 227, 74 S.Ct. 450, 98 L.Ed. 654 (1954), it appeared that during the trial of the case a juror informed the trial court of an improper statement that had been made to him about the case. The judge informed the prosecuting attorneys. As a result, the Federal Bureau of Investigation contacted the juror and made its report, which was considered by the judge and the prosecutors. It was concluded that the statement made to the juror was made in jest, and the matter was dropped. In remanding the case with directions that the district court hold a hearing to determine whether the incident was harmful, the Supreme Court at pages 229–230, at pages 451 of 74 S.Ct. commented as follows:

> * * * The sending of an F.B.I. agent in the midst of a trial to investigate a juror as to his conduct is bound to impress the juror and is very apt to do so unduly. A juror must feel free to exercise his functions without the F.B.I. or anyone else looking over his shoulder. The integrity of jury proceedings must not be jeopardized by unauthorized invasions. The trial court should not decide and take final action ex parte on information such as was received in this case, but should determine the circumstances, the impact thereof upon the juror, and whether or not it was prejudicial, in a hearing with all interested parties permitted to participate.

Subsequently, in Remmer v. United States, 350 U.S. 377, 76 S.Ct. 425, 100 L.Ed. 435 (1956), the Supreme Court remanded the case to the district court for a new trial after concluding that the hearing held pursuant to the first remand " * * * reveals such a state of facts that neither [the juror] nor anyone else could say that he was not affected in his freedom of action as a juror." See also Rubenstein v. United States, 227 F.2d 638 (10th Cir. 1955).

■ In the instant case the experienced trial judge decided to hold a hearing in chambers after full consultation with all parties. At the completion thereof, the juror was directed to continue to participate in the trial and cautioned not to reveal the matter to other jurors. No objection was then made by either party. These proceedings were conducted after the evidence was closed and in such a manner as to avoid curiosity on the part of other jurors. We are satisfied that no error was committed.

### III.

■ Before passing sentence, the trial court observed that " * * * in a case involving two illegal sales of heroin, it would be an impermissible deviation from sentencing standards to place the defendant on probation, even if he had no prior offense." Similar comments were made by the court with respect to appellant's record of a prior offense. Appellant reads these remarks as an indication that the court misunderstood his sentencing options under the statute, which included probation. The contention is frivolous.

Affirmed.