Betty R. HILDEBRAND and Floyd Hildebrand, Plaintiffs-Appellants,

v.

DART INDUSTRIES, INC., and Vanda Beauty Counselor, a Subsidiary or Division of Dart Industries, Inc., Defendants-Appellees.

No. 78–1852.

United States Court of Appeals, Tenth Circuit.

Feb. 10, 1981.

Stephen Jones, Enid, Okl., for plaintiffs-appellants.

Donald H. Lees and Steven M. Ditto of Bay, Hamilton, Lees, Spears & Verity,

Oklahoma City, Okl., for defendants-appellees.

Before SETH, Chief Judge, and McKAY and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

Betty R. and Floyd Hildebrand appeal from a district court order granting summary judgment in favor of defendants Dart Industries, Inc., and its division, Vanda Beauty Counselor (Vanda). The central issue on appeal is whether the court properly ruled that res judicata or estoppel barred the Hildebrands' suit.

The Hildebrands filed a complaint against defendants in federal district court for the Western District of Oklahoma on June 3, 1976. The complaint alleged that on January 14, 1968, Vanda falsely and fraudulently induced the Hildebrands to enter a distributorship representative agreement by describing it as a lifetime earning opportunity. It further alleged that Vanda terminated the agreement effective March 7, 1976, as part of a common scheme and design to defraud the Hildebrands. The district court granted summary judgment in favor of defendants, determining that, if a fraud was perpetrated, the Hildebrands had actual knowledge of it at least by March 1974, more than two years before they filed their complaint. This judgment, entered March 10, 1977, was not appealed.

The Hildebrands filed the present action against the same defendants on March 9, 1978, alleging the same facts set forth in their earlier complaint. They attempted to cure the statute of limitations defect by adding a separate, specific count for fraudulent termination of the distributorship agreement. The court determined that the two complaints were essentially identical. It held that the prior judgment was "on the merits" for res judicata purposes and granted Vanda's motion for summary judgment.

On appeal, the Hildebrands urge that a dismissal based on the statute of limitations is not a judgment on the merits, and therefore cannot be res judicata as to a subsequent equivalent lawsuit, the pleadings of which avoid the statute of limitations fatality. *White v. Mitchell*, 279 P.2d 950 (Okla. 1954), the linchpin in Hildebrands' argument, states that a decision based upon the statute of limitations determines only the enforceability of one's remedy at a particular time, and "cannot therefore be res adjudicata as to his legal right . . . in a new action *based upon new conditions.*" *Id.* at 953 (emphasis added). In that case White, an attorney, had initially brought an action against Mitchell in state court to collect fees for legal services rendered under an oral contract of employment. The court determined that the applicable Oklahoma statute of limitations had run and dismissed White's lawsuit; this judgment was affirmed on appeal. Thereafter, Mitchell's estate sued White on unpaid notes. White defended, claiming a setoff for the unpaid legal fees. The trial court held that White's setoff claim was barred by the doctrine of res judicata, his original action to recover the unpaid legal fees having been dismissed on the basis of the statute of limitations. The Supreme Court reversed, emphasizing that its prior decision had not been on the merits, that it "went merely to the enforcement of White's remedy at that time, not to his legal right," and that it could not, therefore, be res judicata as to White's legal right to offset the unpaid fees in the separate and distinct action brought by Mitchell. 279 P.2d at 953.

Although White's legal right to payment of fees was available as a setoff claim in the subsequent action brought by Mitchell, White's ability to pursue his remedy in a direct action against Mitchell was forever barred. *See* Restatement of Judgments § 49 (1971). *White v. Mitchell* does not, in our view, advance the position urged by the Hildebrands, that a lawsuit dismissed for failure to comply with the statute of limitations nevertheless survives dismissal and can be brought again with allegations of facts, claims, and parties indistinguishable from those set forth in the prior suit. The court's assertion that "statutes of limitation affect the remedy only, are matters of procedure and not of substantive right," does not refute the general rule that a specific

remedy barred in a particular jurisdiction by its statute of limitations is conclusively barred in that jurisdiction. *Northern Pacific Ry. v. Slaght,* 205 U.S. 122, 27 S.Ct. 442, 51 L.Ed. 738 (1907); *Liken v. Shaffer,* 141 F.2d 877, 882 (8th Cir. 1944).

In *Angel v. Bullington,* 330 U.S. 183, 190, 67 S.Ct. 657, 661, 91 L.Ed. 832 (1947), the United States Supreme Court stated the same principle:

"It is suggested that the North Carolina Supreme Court did not adjudicate the 'merits' of the controversy. It is a misconception of *res judicata* to assume that the doctrine does not come into operation if a court has not passed on the 'merits' in the sense of the ultimate substantive issues of a litigation. An adjudication declining to reach such ultimate substantive issues may bar a second attempt to reach them in another court of the State. Such a situation is presented when the first decision is based not on the ground that the distribution of judicial power among the various courts of the State requires the suit to be brought in another court in the State, but on the inaccessibility of all the courts of the State to such litigation. And that is the essence of the present case. The only issue in controversy in the first North Carolina litigation was whether or not all the courts of North Carolina were closed to that litigation. The merits of that issue were adjudicated. And that was the issue raised in the second litigation in North Carolina—that in the federal district court. The merits of this issue having been adjudicated, they cannot be relitigated."

As explained in R. Casad, Res Judicata § 4–7 (1976):

"Most statutes of limitations are regarded as barring the remedy rather than the right, . . . Ordinarily it makes no difference whether the first judgment is viewed as 'on the merits' or not if the second action is brought in the same state. A later action will be precluded in either case. Even if the first judgment did not have bar effect, it did determine the *issue* of the statute's application to

that particular claim. The fact that the statutory period for that claim had expired was litigated in the first suit, and relitigation of that issue would be foreclosed by principles of direct estoppel." *See also* 1B Moore's Federal Practice ¶ 0.409[6] (1980).

A federal court exercising diversity jurisdiction is "in effect, only another court of the State." *Guaranty Trust Co. v. York,* 326 U.S. 99, 108, 65 S.Ct. 1464, 1469, 89 L.Ed. 2079 (1945). Thus, the federal district court's grant of summary judgment in the first suit based upon the statute of limitations bars it from readjudicating the same issue in a subsequent action.

The Hildebrands apparently recognize that under Oklahoma law a dismissal based entirely on a procedural point *is* res judicata to a subsequent action *unless* the subsequent action is free from the previous procedural flaw. The Hildebrands' contention that they have avoided the statute of limitations defect by including a separate claim of fraudulent termination in their present complaint is without merit. In their first lawsuit they charged defendants with terminating the distributorship agreement as part of a common scheme and design to defraud. The same allegation appeared in Hildebrands' brief in response to defendants' motion for summary judgment. The court, presumably believing that Hildebrands might avoid the statute of limitations bar by sharpening their fraudulent termination claim, offered to grant the Hildebrands leave to amend their complaint. The Hildebrands rejected the court's offer and stood on their original pleadings.

We agree with the district court's conclusion that Hildebrands' original and present lawsuits are essentially identical. The Supreme Court of Oklahoma has held that two causes of action are the same when " 'the same evidence will support both actions; or, rather, the judgment in the former action will be a bar, provided evidence necessary to sustain the judgment for the plaintiff in the [subsequent] action would have authorized a judgment for him in the former.' " *Lindauer v. Oklahoma City,* 340 P.2d 221,

223 (Okla.1959) (quoting *Pratt v. Ratliff*, 10 Okla. 168, 61 P. 523 (1900)). We conclude that the Hildebrands' present lawsuit, being indistinguishable from their initial suit that was dismissed for failure to comply with the Oklahoma statute of limitations, is barred.

AFFIRMED.