E. L. LOCKHART, P. L. WATSON, and MYRA B. ANDERSON, v. DADE COUNTY, FLORIDA, et al.

25 So. (2nd) 646        January Term, 1946
April 12, 1946        Division A

*Thomas H. Anderson,* for appellants.
*Hudson & Cason,* for appellees.

TERRELL, J.

The locale of this suit is a narrow strip of land in Dade County lying between what is locally known as the Snowden place and Fulford, a distance of approximately five miles, bounded on the east by the Atlantic Ocean and on the west by Biscayne Bay and Indian Creek.

In 1917 the property owners in this area proposed to the County Commissioners that Dade County construct a highway along the ocean front over this area and that they would donate the right of way for this purpose, provided that the County secure a right of way of the same proportions along Biscayne Bay and Indian Creek in same area and when paved in like manner as the road along the ocean front then the latter right of way should revert to the donors. This proposition was accepted, and the County constructed the highway along the ocean front.

Thereafter, the property owners along that portion of said area from the Snowden place to Baker's Haulover, a distance of about three miles, constructed the road paralleling Biscayne Bay and Indian Creek. The owners then proceeded to barricade that part of the road along the ocean from the Snowden

place to Baker's Haulover. At the instance of the County, the Circuit Court enjoined the barricading, but on appeal this Court reversed the decision of the Circuit Court. Couture v. Dade County, 93 Fla. 342, 112 So. 75.

The County accepted the road paralleling Biscayne Bay from Baker's Haulover to the Snowden place, the ocean road south of Baker's Haulover remaining closed. From Baker's Haulover north to Fulford, two miles, the ocean road was kept open, repaired, and used by the public continuously. In May, 1920, Harvey B. Graves acquired a tract of land at the north end of the area through which the ocean road had been constructed. The Graves tract also includes the lands claimed by the plaintiffs in this litigation. The Graves deed contained the following provision:

"This conveyance however is made subject to an easement for public road purposes along the right of way of the public road which now crosses the above described property as long as said road shall continue to be maintained and used as a public roadway."

Appellees confidently rely on this provision in the Graves deed to support their contention. It will be noted, however, that this deed was in existence at the time of the Couture suit and no question was raised about it. To let it in now would amount to a relitigation of that suit. The point is that the contract made between the County and the landowners gave the County nothing more than an easement over the land along the ocean which it may use so long as the contract is not complied with.

In April, 1945, the plaintiffs filed their bill of complaint in this cause against Dade County and the State Road Department, wherein, among other things, they prayed:

" . . . that this Court find and decree that the defendants and the public generally have no right, title, interest, claim or demand in or to the said land (the ocean front road) or any part thereof, and that no right of way on or across said land, and that the attempted use thereof be enjoyed pending this suit and permanently thereafter."

A decree pro confesso was taken against the State Road Department for failure to plead to the bill, but the County

answered. Upon trial of the issue so made it was shown that the ocean front road has been maintained by the County from the date of the contract; that such maintenance had included reconstruction after the hurricane in 1926; that the State Road Department took over the maintenance in 1931 and kept it in repair to date of this suit; that it has been used from the date of its construction to the present as a main traveled highway; and that it bore the usual road markers. On the basis of this evidence, the trial court found for defendants and dismissed the bill of complaint. The plaintiffs appealed.

The first question presented is whether or not the decision of this Court in Couture v. Dade County, heretofore cited, is res adjudicata of the issues in the instant case.

We have reached the conclusion that this question must be answered in the affirmative. In both suits the character of the ocean front road was in issue; both suits were for the same ultimate purpose; both suits involved the same parties or their successors in title; and both suits were projected for purpose of quieting title to the lands in question. The issues squarely presented these questions, and this Court's opinion shows conclusively that they were adjudicated.

The direct issue in the Couture suit was whether or not the road along the Atlantic Ocean over the lands in question was a public highway. The Circuit Court answered this question in the affirmative, but this Court reversed that finding. The finding and opinion of this Court cannot be construed other than a disposition of the cause on the merits. When the mandate in the Couture suit went down, the Circuit Court, pursuant to Section 45.19, Florida Statutes, 1941, dismissed the cause for want of prosecution.

Appellees contend that such an order was ineffective to adjudicate any question on the merits because the order recited that the cause was deemed abated for want of prosecution. We must assume, however, that in view of the issues raised in the Circuit Court and decided by this Court the order of dismissal involved the merits, as well as the failure to prosecute, and being so it amounted to res adjudicata of the issues here. The statute allowing dismissal for failure to

prosecute permitted the parties six months to petition for reinstatement of the cause, but no such petition was filed.

Another support for this conclusion is that the record conclusively shows that the landowners complied with the contract mentioned in the forepart of this opinion. The essential part of which contract is as follows:

" . . .that whenever a right of way of the same width and paralleling Indian Creek and Biscayne Bay is deeded to the County, with the same proportion of said right of way paved with the same material and in every way in as good condition as the road constructed by the county along the ocean front without cost to the County, then the ocean front road right of way shall revert to the original owners."

The bill of complaint further reveals that, in compliance with the contract, the landowners on:

" . . . July 27, 1939, tendered to the County a deed to a right of way of the same width, or greater, paralleling Indian Creek and Biscayne Bay, paved with the same material, and in every way in as good condition as the road constructed along the ocean front and claimed by the defendant, and that said tender was refused."

In view of the foregoing and other provisions of the contract, we cannot escape the conclusion that its provisions were met and when done the County no longer had any claim on the easement along the ocean front for right of way purposes. The opinion of this Court in the Couture case in effect held as much, and we find nothing in the contention of appellees to overthrow this conclusion.

It is lastly contended that the highway in question became the property of the State Road Department, pursuant to Chapter 17301, Acts of 1935.

We do not consider it necessary to discuss this question, because what we have previously said disposes of the case and may be considered as a complete answer to the essential question raised. The record as a whole shows that the State Road Department acquired no title whatever to the road in question by virtue of the said Act and appears to have so acknowledged. It becomes unnecessary to treat its constitutional validity.

It follows that the judgment appealed from must be and is hereby reversed.

Reversed.

CHAPMAN, C. J., BUFORD and ADAMS, JJ., concur.