**H. L. LINDAUER, Plaintiff in Error,**

v.

**OKLAHOMA CITY, Oklahoma, a Municipal Corporation, A. D. Fields and Earler Fields, his wife, Arthur C. Hoard and Mahala Hoard, his wife, John G. Hoard and Viola Hoard, his wife, Herman Johnson and Vermont Johnson, his wife; W. A. Hill and Jimmie Hill, his wife, Defendants in Error.**

No. 38230.

Supreme Court of Oklahoma.

June 2, 1959.

John B. Ogden, Sid White, Oklahoma City, for plaintiff in error.

Walter M. Powell, Pearson & Moon, Bruce & Rowan, Oklahoma City, for defendants in error.

PER CURIAM.

This is an action by H. L. Lindauer to quiet title in himself to Lots 45 and 46, Block 14 of Jordan Place Addition, and Lots 19 and 20 in Overholser Subdivision of Blocks 5 and 14 of Jordan Place Addition, Oklahoma City. The City of Oklahoma

City and certain individuals were defendants. The plaintiff claimed the lots in question by virtue of certain quitclaim deeds. The defendants contended that this particular property was Wisconsin Avenue in Oklahoma City between Seventh and Eighth Streets and that in 1951 a lawsuit, No. 126545, District Court of Oklahoma County, had been filed by certain persons to enjoin Loyd Lindauer, the plaintiff in the case at bar, from maintaining a fence across Wisconsin Avenue at the entrance to Seventh Street and the entrance to Eighth Street, and which is the same property that Lindauer now seeks to quiet title to. In that suit the trial judge found that Lindauer had no title to the land in question and that it was a public street. We set out that part of the judgment in that action:

"After hearing all of the evidence adduced, argument of counsel and being fully advised in the premises, the court is of the opinion and finds the issues in favor of the plaintiffs and against the defendant. The court finds that the property involved in this action known as Wisconsin Street between Seventh Street and Eighth Street and described in defendant's answer as Lots 45, 56, 19, and 20 in Block 14, Jordan Place Addition to Oklahoma City, is and was at all times a public street and has been so used as a public street continuously since its dedication and that the defendant has no right, title or interest in said property, and by reason thereof he has no right to obstruct nor interfere with the plaintiffs nor the public in the free use of said street, and by reason thereof plaintiffs are entitled to the relief prayed for in their petition."

There is a slight variation in the descriptions but the judgment shows clearly that Wisconsin Avenue in Oklahoma City, between Seventh and Eighth Streets was a public street and it had not been vacated and it was at all times a public street since its dedication, and that Lindauer had no right, title or interest in said property. The trial court's judgment in that case was appealed to this court and was case number 35,512 with Loyd Lindauer as plaintiff in error and W. A. Hill, et al., defendants in error. The judgment of the trial court was affirmed by us on May 5, 1953 and our opinion is reported in Lindauer v. Hill, Okl., 262 P.2d 697.

The plaintiff in this second or last case failed to show that his title to the property in question has in any way been improved since the judgment was rendered in the first case.

The property involved in these two cases is identical. In the first case, the injunction suit, there were many more parties than in the second, but there were some of the defendants in the second suit that were parties in the first. In both suits the question of the title to the land was involved, one side desiring that the property be continued in its use as that of a street; the other that it be private property. This case is quite similar to that of Lockhart v. Dade County, 157 Fla. 281, 25 So.2d 646, 647. There the first question presented in the case was whether a previous decision of the Supreme Court of Florida [Couture v. Dade County, 93 Fla. 342, 112 So. 75] was res adjudicata in the case then before it. In disposing of this point the court said:

"We have reached the conclusion that this question must be answered in the affirmative. In both suits the character of the ocean front road was in issue; both suits were for the same ultimate purpose; both suits involved the same parties or their successors in title; and both suits were projected for the purpose of quieting title to the lands in question. The issues squarely presented these questions, and this Court's opinion shows conclusively that they were adjudicated."

■■ We also think that the early case of Pratt v. Ratliff, 10 Okl. 168, 61 P. 523, is controlling here and we quote from it:

"A judgment is a bar if the cause of action be the same, though the form be different. The cause is the same when

the same evidence will support both actions; or, rather, the judgment in the former action will be a bar, provided the evidence necessary to sustain the judgment for the plaintiff in the present action would have authorized a judgment for him in the former. When a matter has once passed to final judgment without fraud or collusion in a court of competent jurisdiction it has become res judicata, and the same matter, between the same parties cannot be reopened or subsequently considered."

Prince v: Gosnell, 47 Okl. 570, 149 P. 1162 also sustains the trial court.

The real question in the case at bar is whether the land under consideration was the private property of Lindauer or was a public street. That was clearly settled in Lindauer v. Hill, supra. The judgment of the trial court must be affirmed.

The Court acknowledges the aid of Supernumerary Judge N. S. CORN in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.