**Application of GRAND RIVER DAM AUTHORITY.**
**No. 49696.**

Supreme Court of Oklahoma.
July 6, 1976.

6

Stephen W. Smith, Okmulgee, Ernest W. Smith, Henryetta, for petitioners.

Robert L. Lawrence, Tulsa, Ben L. Burdick, Richard C. Ford, of Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, Oklahoma City, for Public Service Co.

Robert J. Scott, William J. Perry, Pawnee, for Municipal Corporations, amicus curiae.

O. B. Boydston, Fort Gibson, Jack Rorschach, Vinita, for Okla. Assn. Electric Cooperatives & KAMO Electric, amicus curiae.

Richard W. Lock, Jay, for Okla. Ordinance Works Auth., amicus curiae.

SIMMS, Justice.

Grand River Dam Authority, hereafter called "Authority", a public corporation and governmental agency of the State of Oklahoma, asks this Court to assume original jurisdiction and render judgment declaring that Public Service Company, hereafter called Company, is required to furnish to Authority sufficient electrical energy load requirements in excess of Authority's generating capability. Authority also seeks injunctive relief against the Company for failing and/or threatening to fail to provide Authority with electric energy sufficient to meet load requirements.

Authority maintains this action is cognizable in this Court by reason of the provisions of 82 O.S.1971, § 882, which provides that the Authority may file an action in the Supreme Court of Oklahoma to determine the validity of any proposed contract or action arising from the exercise of any power, right, privilege, or function conferred upon the Authority by reason of 82 O.S.1971, § 861, et seq.

Section 882 specifically confers upon the Supreme Court the power to enter judgment " * * * declaring such contract or action to be valid, and shall, upon application of the District, also issue an order permanently enjoining all persons described in the aforesaid notice from thereafter instituting any action or proceeding contesting the validity of such contract or action, * * *." The quoted statute further provides that any declaratory judgment on any contract or action of the District entered by this Court shall have the force and effect of a final decree.

Authority urges in the alternative that if the instant action does not fall within the provisions of § 882, the matter is one of *publici juris* and that this Court should assume original jurisdiction on that ground.

The contract between the Authority and the Company was adjudicated to be valid in *In re Petition of Grand River Dam Authority*, Okl., 320 P.2d 706 (1958). This agreement, called the "Markham Ferry Coordinating Agreement" has been subjected to ten amendments, agreed to by the parties, since 1961. No issue as to the legal validity of any of the amendments is presented to this Court.

The agreement is potentially binding upon the parties until the year 2008, the year that the bonded indebtedness of Authority will be extinguished.

Company contends the contract has become obsolete, burdensome, and oppressive because of the increased load demand placed on Company to furnish electrical energy to Authority. This apparently unforeseen increase results from the increased industrial and residential growth in northeastern Oklahoma. The Company further seeks renegotiation of the contract through an eleventh amendment.

We are persuaded that this matter is *publici juris*. We will therefore assume original jurisdiction for the purpose of entertaining the prayer for injunctive relief pursuant to § 882.

The judicial power granted to this Court under § 882, supra, is limited to a simple determination of the validity of the contract and injunctive relief by way of declaratory judgment. This issue of validity has been previously adjudicated by this Court in *In re Petition of Grand River Dam Authority, supra.* There are no allegations of either fraud or collusion in the instant action. When a matter has once passed to final judgment without fraud or collusion, in a court of competent jurisdiction, it has become res judicata, and same matter between same parties cannot be reopened or subsequently considered. *Lin-*

**8**

*dauer v. Oklahoma City*, Okl., 340 P.2d 221 (1959).

▇ Insofar as the legal validity of the contract between the Authority and the Company is concerned, we are bound by our conclusion in *In re Petition of Grand River Dam Authority, supra*, and observe the parties have every legal right ·to rely upon the provisions of the contract and the agreed upon amendments thereto.

We note that in the original Grand River Dam Authority case, no reference is made to the issuance of an injunction as provided in § 882. The Authority now asks this Court to enjoin Public Service Company "from failing to provide said capacity and energy or from threatening to fail to provide said capacity and energy" (as referred to in the contract). .

▇ Section 882 does not authorize the issuance of the injunction as prayed, but under the terms of the referred to statute, injunctive relief is available only to prevent a party from thereafter contesting the validity of a contract made by Grand River Dam Authority which has been adjudicated to be valid by this Court.

▇ Authority seeks, *inter alia*, to have this Court enter declaratory judgment interpreting the contract, and declaring the rights and obligations of the parties. This we decline to do because such interpretation and declaration must necessarily be preceded by discovery procedures and the testimony of engineers and other experts in the area of hydro-electricity and would more properly be the subject of proceedings in the District Court.

▇ As was written in *In re Petition of Grand River Dam Authority, supra:*

> "The wisdom or advisability of making such a contract has had no part in our consideration of its legality. * * *"

As we view § 882, our task is to determine legal validity, but not interpret the contract before us.

ORIGINAL JURISDICTION ASSUMED. INJUNCTION DENIED.

APPLICATION FOR DECLARATORY JUDGMENT TO INTERPRET CONTRACT DENIED.

WILLIAMS, C. J., HODGES, V. C. J., and DAVISON, IRWIN, LAVENDER and BARNES, JJ., concur.

DOOLIN, J., concurs in part, dissents in part.